■ S. EDMUND RESCINITI, Respondent, v LORENZO F. PADILLA et al., Appellants.—In a defamation action, defendants appeal from an order of the Supreme Court, Kings County, dated October 29, 1978, which denied their cross motion to set aside the default judgment entered against defendant Padilla and granted plaintiff's motion to hold defendant Padilla in contempt for failure to comply with a subpoena duces tecum to take his deposition as a judgment-debtor, unless he responded to said subpoena on a certain date. Order reversed, without costs or disbursements; plaintiff's motion is denied and defendants' cross motion is granted to the extent of vacating the default judgment on condition that defendant Padilla serve his answer and pay $500 to plaintiff's attorney within 10 days after service upon him of a copy of the order to be made hereon; together with notice of entry thereof; in the event such conditions are not complied with, order affirmed, with $50 costs and disbursements. The genesis of this defamation action was a prior matrimonial action in which the instant plaintiff represented the wife, and defendant Padilla represented defendant Janet Harding who was named as

a corespondent. The allegedly libelous material appears in a reply affidavit made by Ms. Harding, as part of an effort to quash a subpoena. Generally, a statement made in an affidavit "is absolutely privileged if, by any view or under any circumstances, it may be considered pertinent to the litigation" *(Martirano v Frost,* 25 NY2d 505, 507). The standard of whether a particular statement is pertinent is broad and "the statement must be so outrageously out of context as to permit one to conclude, from the mere fact that the statement was uttered, that it was motivated by no other desire than to defame" *(Martirano v Frost, supra,* p 508; see, also, *People ex rel. Bensky v Warden of City Prison,* 258 NY 55). Based upon the above standard, it appears that defendants may have a viable defense of absolute privilege. This, coupled with the proffered excuse of illness and the misapprehended belief that the action was being abandoned, is a sufficient basis to vacate the default. O'Connor, J. P., Lazer, Rabin and Gulotta, JJ., concur.