■ COLDWELL BANKER REAL ESTATE SERVICES, INC., Respondent and Third-Party Plaintiff, v RONALD EUSTICE, Appellant. EDWARD J. REGAN et al., Third-Party Defendants-Appellants. —In an action to recover a real estate broker's commission, (1) the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), entered July 16, 1987, as granted the motion of the plaintiff to disqualify Edward J. Regan and Marylou Barrett Regan as his attorneys and denied that branch of the third-party defendant's cross motion which was to dismiss so much of the third-party complaint as asserts a cause of action for contribution, and the third-party defendants separately appeal from the same portions of the same order and (2) the plaintiff and third-party plaintiff on counterclaim cross-appeals from stated portions of the same order.

Ordered that the cross appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.20 [d], [f]); and it is further,

Ordered that the order is reversed insofar as appealed from, with costs, the plaintiff's motion is denied and the cross motion is granted in its entirety.

This is an action by a broker against a seller to recover a brokerage commission. The seller counterclaimed, *inter alia,* to recover damages for fraud. The broker then commenced a

third-party action pursuant to CPLR 1007 and 1011 against the seller's attorneys seeking, among other things, contribution based on the latters' alleged legal malpractice.

The third-party complaint fails to state a claim for contribution on a legal malpractice theory. Although the proof submitted demonstrates that the third-party defendants, as attorneys, were involved in certain of the matters asserted in the counterclaims, it fails to set forth any meritorious cause of action against them. Consequently, the third-party defendant's cross motion to dismiss the third-party complaint should have been granted in its entirety *(see, Crow-Crimmins-Wolff & Munier v County of Westchester,* 90 AD2d 785).

In light of this determination, the motion to disqualify the third-party defendants as attorneys for the defendant should have been denied. Kunzeman, J. P., Weinstein, Rubin and Kooper, JJ., concur.