■ HAROLD F. SHEPHERD REAL ESTATE, INC., Respondent, v JAMES D. GIBBS, Defendant, and SAMUEL K. ALFSTAD et al., Appellants.—In an action to recover damages for breach of a brokerage agreement, the defendants Samuel K. Alfstad and Elizabeth Cameron Alfstad appeal from an order of the Supreme Court, Suffolk County (Namm, J.), entered June 30, 1989, which denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as it is asserted against the defendants Samuel K. Alfstad and Elizabeth Cameron Alfstad, and the action against the remaining defendant is severed.

In its complaint, the plaintiff corporation alleges that it was instrumental in procuring the appellants Samuel K. Alfstad and Elizabeth Cameron Alfstad as purchasers of a home to be constructed by the defendant James D. Gibbs in East Hampton, New York. The plaintiff further alleges that the defendant Gibbs has in fact made a contract with the appellants pursuant to which the latter are to pay $202,000, together with $25,000 in "extras", for the construction of the home.

In its first cause of action, the plaintiff claims that pursuant to its brokerage agreement with the defendant Gibbs, it is entitled to a commission of $13,620. In its second cause of action, the plaintiff seeks the same relief based on principles of *quantum meruit.* In its third cause of action, the plaintiff alleges that the appellants "conspired" with the defendant Gibbs "to deprive [it] of the commission due and owing to [it] upon the sale of the subject home". In its fourth cause of action, the plaintiff alleges that the appellants intentionally induced the defendant Gibbs to violate the terms of the brokerage agreement.

Contrary to the conclusion reached by the Supreme Court, we find that the affidavits submitted by the appellants in support of their motion for summary judgment are sufficient to warrant judgment in their favor as a matter of law, and that the plaintiff has failed to submit evidentiary material sufficient to establish the existence of a material issue of fact.

The third cause of action was properly dismissed since New York does not recognize an independent tort to recover damages for civil conspiracy and the plaintiff failed to set forth any specific acts on the appellants' part which make out participation by them in an actionable tort (see, Hickey v Travelers Ins. Co., 158 AD2d 112, 118; Arcy Paint Co. v Resnick, 134 AD2d 392, 393; Ginsburg v Redmond Finishing Co., 75 AD2d 505, 506; Cuker Indus. v Crow Constr. Co., 6 AD2d 415, 417). With respect to the fourth cause of action, we find that the evidence in the record establishes conclusively that the appellants had no knowledge of the brokerage agreement between the plaintiff and Gibbs until subsequent to their contract with Gibbs. The broker who represented the plaintiff specifically testified that during the negotiations she did not inform Ms. Alfstad of the plaintiff's contractual relationship with Gibbs. Unlike the case of a typical sale of an existing home, the appellants had no basis upon which to infer the existence of the brokerage agreement between the plaintiff corporation and the codefendant whom the appellants hired as their builder. Under these circumstances, as a matter of law, the appellants cannot be liable to the plaintiff for inducing a breach of that agreement (see, Israel v Wood Dolson Co., 1 NY2d 116, 120; Giannelli v St. Vincent's Hosp. & Med. Center, 160 AD2d 227; Kaminski v United Parcel Serv., 120 AD2d 409; S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., 108 AD2d 351). Mangano, P. J., Bracken, Lawrence and Ritter, JJ., concur.