■ EDWARD J. REGAN et al., Appellants, v COLDWELL BANKER RESIDENTIAL REAL ESTATE SERVICES, INC., et al., Defendants, and SEARS, ROEBUCK & COMPANY et al., Respondents. —In an action to recover damages, inter alia, for libel, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered January 18, 1990, which upon granting the separate motions of the defendants Sears, Roebuck & Company, Ernest T. Bartol, Patrick M. Murphy, Jr., and Murphy & Bartol, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, dismissed the complaint and all cross claims insofar as asserted against those defendants.

Ordered that upon searching the record, the judgment is modified, on the law, by adding thereto a provision granting summary judgment dismissing the complaint insofar as it is asserted against the defendants Coldwell Banker Residential Real Estate Services, Inc. and James Frayne; as so modified, the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The present action stems from a prior action brought by the defendant Coldwell Banker Residential Real Estate Services, Inc. (hereinafter Coldwell Banker) to recover a real estate brokerage commission from the plaintiffs' client Ronald Eustice. Eustice interposed counterclaims against Coldwell Banker, which thereafter commenced a third-party action against the plaintiffs seeking contribution. Coldwell Banker subsequently moved to amend and supplement its complaint to assert causes of action against the plaintiffs for, among other things, defamation. Coldwell Banker's motion to amend and supplement its complaint was supported by the affidavit

of James Frayne, the attorney who had represented the purchasers of Ronald Eustice's house at the closing. In his affidavit, Frayne recounted statements allegedly made by the plaintiff Edward J. Regan, the attorney who represented Eustice at the aforementioned closing. The Supreme Court denied Coldwell Banker's motion to amend and supplement its complaint, and its third-party action against the plaintiffs was ultimately dismissed by this court (see, Coldwell Banker Real Estate Servs. v Eustice, 145 AD2d 460). The plaintiffs then commenced this action alleging defamation, abuse of process, malicious prosecution, and conspiracy. The Supreme Court granted the summary judgment motions of the defendants Sears, Roebuck & Company, Ernest T. Bartol, Patrick M. Murphy, Jr., and the law firm of Murphy & Bartol and dismissed the complaint and all cross claims with respect to those defendants. The plaintiffs now appeal. We affirm, and in so doing take this opportunity to exercise our power to search the record and dismiss the complaint as to the remaining defendants Coldwell Banker and James Frayne (see, CPLR 3212 [b]; Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106; Coleman v Village of Head of Harbor, 163 AD2d 456).

The plaintiffs' causes of action for libel, which are premised on the statements contained in the affidavit of James Frayne must be dismissed. "Generally, a statement made in an affidavit 'is absolutely privileged if, by any view or under any circumstances, it may be considered pertinent to the litigation' (Martirano v Frost, 25 NY2d 505, 507)" (Resciniti v Padilla, 72 AD2d 557, 558; see also, Park Knoll Assocs. v Schmidt, 59 NY2d 205). The standard for determining pertinence is broad, and here it cannot be said that the statements contained in the affidavit were so unrelated to, or out of context with, the underlying causes of action being asserted in the proposed amended and supplemental complaint to indicate that they were motivated solely by a desire to defame (see, Martirano v Frost, 25 NY2d 505, 508, supra).

The causes of action alleging abuse of process and malicious prosecution are insufficient as a matter of law, and are also dismissed. Both abuse of process and malicious prosecution require "an unlawful interference with one's person or property" (Williams v Williams, 23 NY2d 592, 596), and may not be premised on the mere service of a third-party summons and complaint (see, Curiano v Suozzi, 63 NY2d 113; Jurow v Brickman House, 159 AD2d 562).

Finally, as to the seventh cause of action, which alleges that

the remaining defendants engaged in a conspiracy against the plaintiffs, since the plaintiffs have failed to assert participation by those defendants in an actionable tort, dismissal of this cause of action is warranted as well (see, *Shepard Real Estate v Gibbs,* 169 AD2d 814). Harwood, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.