■ NEW DIMENSIONS SPA, INC., Respondent, v FITNESS PLACE ROCKVILLE CENTRE, N. Y., INC., Appellant. (Action No. 1.) FITNESS PLACE ROCKVILLE CENTRE, N. Y., INC., Appellant, v FRANK MARZANO et al., Respondents. (Action No. 2.)—In consolidated actions, *inter alia,* to recover damages for breach of contract, conspiracy, and tortious interference with contractual relations, Fitness Place Rockville Centre, N. Y., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Rutledge, J.), dated October 26, 1990, as denied its motion for summary judgment on its counterclaims against the plaintiff in Action No. 1, and granted that branch of the cross motion of the defendants Frank Marzano and Albert Pennisi in Action No. 2 which was to dismiss the third cause of action asserted in the appellant's complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

We reject the contention of the appellant (hereinafter Fitness) that its motion in Action No. 1 for summary judgment on its counterclaims was improperly denied. Summary judgment is a drastic measure and it should not be granted if there is any question as to the existence of a triable issue of fact *(see, Andre v Pomeroy,* 35 NY2d 361, 364; *Burger v Brookhaven Med. Arts Bldg.,* 131 AD2d 622, 623). Here, there are questions of fact as to whether the financial information supplied by the appellant to the landlord fulfilled its contractual obligations and whether the delay of the plaintiff (hereinafter New Dimensions) in seeking the landlord's approval for assignment of the lease from New Dimensions to Fitness contributed to the alleged breach of a contract between them.

Furthermore, the Supreme Court properly dismissed Fitness's third cause of action to recover damages for tortious interference with contractual relations asserted against Frank Marzano, president of New Dimensions, and Albert Pennisi, attorney for New Dimensions. To succeed on such a cause of action against Marzano, Fitness must establish that Marzano acted outside the scope of his authority as president of New Dimensions or that he personally gained from New Dimensions' breach (see, Murtha v Yonkers Child Care Assn., 45 NY2d 913, 915; Courageous Syndicate v People-to-People Sports Comm., 141 AD2d 599). Likewise, for Fitness to succeed against Albert Pennisi, as New Dimensions' attorney, it must establish that he committed a specific fraudulent, malicious, or tortious act (see, Burger v Brookhaven Med. Arts Bldg., supra, at 624). Fitness merely alleged that Marzano and Pennisi failed to return its down payment upon request and that their actions were "wanton and malicious". This is not enough to sustain a cause of action to recover damages for tortious interference with contractual relations. Further, so much of the third cause of action as alleged conspiracy was correctly dismissed because New York does not recognize an independent tort to recover damages for civil conspiracy (see, Shepherd Real Estate v Gibbs, 169 AD2d 814, 815). Thompson, J. P., Bracken, Pizzuto and Santucci, JJ., concur.