■ ALBERT DAMIANI et al., Appellants, v CITY OF BUFFALO, Respondent. JOHN ALESSANDRA, Appellant, v CITY OF BUFFALO, Respondent. [603 NYS2d 1006] —Order unanimously affirmed without costs. Memorandum: City of Buffalo police officers, Albert Damiani and John Alessandra (plaintiffs), were accidentally shot by fellow police officers while responding to a report of two vicious dogs on Goulding Avenue in the City of Buffalo. Plaintiffs commenced separate actions to recover damages for personal injuries, each alleging liability for common-law negligence and pursuant to General Municipal Law § 205-e. Defendant interposed answers containing affirmative defenses, one of which alleged that plaintiffs' exclusive remedy lies under General Municipal Law § 207-c. Plaintiffs subsequently moved to dismiss that affirmative defense and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiffs' motion and granted defendant's cross motion.

Plaintiffs' common-law negligence causes of action were properly dismissed because they are barred by the "fireman's rule" *(see, Kenavan v City of New York,* 70 NY2d 558), which was held to apply to police officers in *Santangelo v State of New York* (71 NY2d 393). Police officers, like firefighters, generally cannot recover for injuries resulting from the special risks inherent in the duties they are engaged to perform *(see, Santangelo v State of New York, supra,* at 397; *see also, Morrisey v County of Erie,* 198 AD2d 839 [decided herewith]). Plaintiffs' contention that their common-law negligence causes of action are not barred by the "fireman's rule" because the negligence causing their injuries was "separate and apart" from the act that occasioned the police officers' services lacks merit *(see, Clark v DeJohn,* 198 AD2d 818 [decided herewith]). The Court of Appeals recently refused to adopt a "separate and distinct" exception to the "fireman's rule" *(Cooper v City of New York,* 81 NY2d 584, 589-591).

Supreme Court also properly dismissed plaintiffs' respective causes of action under General Municipal Law § 205-e. Al-

though that section, as amended effective July 17, 1992 (L 1992, ch 474, § 2), appears to apply to those causes of action, that issue was not considered by Supreme Court. We affirm the dismissal of those causes of action in the exercise of our power to search the record under the law as it exists at the time of appeal *(see, Wawrzyniak v Sherk,* 170 AD2d 972, 973; *see also, Post v 120 E. End Ave. Corp.,* 62 NY2d 19, 28-29; *Regan v Coldwell Banker Residential Real Estate Servs.,* 176 AD2d 864, 865, *lv denied* 79 NY2d 756).

The record establishes that plaintiffs received benefits under General Municipal Law § 207-c. We conclude that their right to those benefits constitutes their exclusive remedy for the injuries allegedly caused by the conduct of their fellow employees *(see generally, O'Dette v Parton,* 190 AD2d 1074). In reaching that determination, we reject plaintiffs' argument that defendant abandoned its reliance on General Municipal Law § 207-c. In light of our determination, we do not address the remaining arguments advanced by the parties. (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Fallon, Doerr and Davis, JJ. [As amended by unpublished order entered Feb. 4, 1994.]