■ EARL CLARK et al., Respondents, v VIRGINIA A. DEJOHN et al., Individually and Doing Business as PULLEN'S TRUCK CENTER, et al., Appellants. [603 NYS2d 1008] —Order unanimously reversed on the law without costs, motions granted and complaint dismissed. Memorandum: Plaintiff Earl Clark (plaintiff), while on duty as a Cayuga County Deputy Sheriff, was called to the scene of an accident where a car had gone off the road and come to rest upon a guardrail. Plaintiff was standing in the rear of the tow truck when the tow truck operator managed to free the car from the guardrail. The car swung out, forcing plaintiff into the road, where he was struck by a passing vehicle. As a result of his injuries, plaintiff was granted disability retirement.

Plaintiff commenced this action seeking damages for the personal injuries he suffered as a result of being struck by the car, and his wife asserted a derivative cause of action. Supreme Court denied the motions of defendants to dismiss the complaint based upon the "fireman's rule", made applicable to police officers in *Santangelo v State of New York* (71 NY2d 393). Supreme Court concluded that the negligence that had caused plaintiff's injuries was "separate and distinct" from the circumstances that brought him to the scene in the first instance *(see, Germain v Cherico,* 178 AD2d 461).

In *Cooper v City of New York* (81 NY2d 584, 590), the Court of Appeals rejected the "separate and distinct" exception to the *Santangelo* rule, concluding that the lack of connection between the negligence that causes the officer's injuries and the incident that gave rise to the emergency call is "of no moment". The Court held that the determinative factor "is whether the injury sustained is related to the particular dangers which police officers are expected to assume as part of their duties" *(Cooper v City of New York, supra,* at 590; *see also, Damiani v City of Buffalo,* 198 AD2d 814 [decided here-

with]). Applying that test, we conclude that the danger of being struck by a vehicle at an accident scene is one that plaintiff would be expected to assume as part of his duties as a Deputy Sheriff on road patrol. Thus, defendants are entitled to summary judgment dismissing the complaint. (Appeals from Order of Supreme Court, Cayuga County, Wesley, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Fallon, Doerr and Davis, JJ.