■ JOHN P. MORRISEY et al., Respondents, v COUNTY OF ERIE et al., Appellants. [603 NYS2d 1009] —Order unanimously reversed on the law without costs, motions granted and complaint dismissed. Memorandum: Defendants contend that Supreme Court erred in denying their motions to dismiss plaintiffs' complaint on the ground that it was barred by the "fireman's rule". We agree. On September 23, 1984, while on duty as a Buffalo Police Officer, plaintiff John P. Morrisey (plaintiff) and a fellow officer responded to a brawl in the City of Buffalo. Upon arriving at the scene, plaintiff exited his vehicle and sustained serious injuries when he was struck in the right ankle by a bullet. The bullet was fired from a gun owned by defendant David M. Hyrn, an off-duty correction

officer employed by defendant County at the Erie County Correctional Facility. Plaintiffs commenced an action against defendant Hyrn, based on his negligence in handling his weapon, and against the municipal defendants, based on their negligence in hiring Hyrn and his status as an Erie County correction and peace officer.

The "fireman's rule" precludes police officers from recovering damages "for negligence in the very situations that create the occasion for their services" *(Santangelo v State of New York,* 71 NY2d 393, 397). The "fireman's rule" applies so long as "the injury sustained is related to the particular dangers which police officers are expected to assume as part of their duties" *(Cooper v City of New York,* 81 NY2d 584, 590). Plaintiff, in responding to a call to break up a street brawl, was performing a function involving the special risks inherent in being a police officer. Those risks include the possibility of sustaining injuries in responding to an altercation. Because there is a "connection between plaintiff's injury and the special hazard that plaintiff assumed as part of [his] police duties" *(Cooper v City of New York, supra,* at 591), plaintiffs' action is precluded by the "fireman's rule" *(Cooper v City of New York, supra; Santangelo v State of New York, supra; Damiani v City of Buffalo,* 198 AD2d 814 [decided herewith]; *Buckley v City of New York,* 176 AD2d 207, 208, *lv denied* 79 NY2d 757). (Appeals from Order of Supreme Court, Erie County, Fudeman, J.—Summary Judgment.) Present—Callahan, J. P., Pine, Lawton, Boomer and Davis, JJ.