JOSEPH E. FOLEY, Appellant, v CITY OF BUFFALO et al., Respondents. [609 NYS2d 464] —Order unanimously affirmed without costs. Memorandum: Supreme Court did not abuse its discretion in denying plaintiff's cross motion, made practically on the eve of trial, for leave to serve an amended complaint. Although leave is to be "freely given" (CPLR 3025 [b]), it should be denied where, as here, the proposed amendment "plainly lacks merit" *(Mathiesen v Mead,* 168 AD2d 736). Plaintiff may not recover for injuries resulting from the special risks inherent in the duties he was engaged to perform as a firefighter *(see, Cooper v City of New York,* 81 NY2d 584; *Santangelo v State of New York,* 71 NY2d 393; *Kenavan v City of New York,* 70 NY2d 558; *Morrisey v County of Erie,* 198

AD2d 839; *Damiani v City of Buffalo,* 198 AD2d 814). Furthermore, contrary to plaintiff's contention, the proposed amendment advances a new theory of liability predicated on defective equipment and defective design. Defendants would suffer substantial prejudice if plaintiff's cross motion to amend the complaint were granted *(see, F.G.L. Knitting Mills v 1087 Flushing Prop.,* 191 AD2d 533; *Mathiesen v Mead, supra).* In light of our determination, we do not address the additional grounds advanced by defendants to support the denial of plaintiff's cross motion.

Additionally, there is no merit to plaintiff's contention that Supreme Court erred in granting defendants' motion for summary judgment dismissing the first cause of action. Contrary to plaintiff's contention, that cause of action is barred by the "fireman's rule" *(see, Cooper v City of New York, supra; Santangelo v State of New York, supra; Morrisey v County of Erie, supra; Clark v DeJohn,* 198 AD2d 818; *Damiani v City of Buffalo, supra).* (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Balio, J. P., Lawton, Doerr, Davis and Boehm, JJ.