■ A. NOEL DOHERTY, Appellant, v NEW YORK TELEPHONE

COMPANY et al., Respondents. [609 NYS2d 306] —In an action to recover damages for breach of contract and defamation the plaintiff appeals from an order of the Supreme Court, Nassau County (Collins, J.), dated February 20, 1992, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), and denied the plaintiff's cross motion for leave to serve an amended complaint.

Ordered that the order is affirmed, with costs to the respondents New York Telephone Company, NYNEX Corporation, Dwight Kellogg, William Wiginton, Bailey Geeslin, Eugene Connell and Steven Haran.

Contrary to the plaintiff's contention, we find that the complaint failed to state a cause of action for which relief could be granted. Therefore, it was properly dismissed by the Supreme Court pursuant to CPLR 3211 (a) (7).

The cause of action alleging breach of an oral agreement between the parties is not actionable. A subsequent written agreement lucidly manifests the parties' intent that the written agreement supersede the oral agreement and that it constitute the entire agreement between the parties. Since the written agreement is clear and complete on its face, the operation of the parol evidence rule effectively bars any action to enforce the oral agreement *(see generally, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162).

With respect to the plaintiff's claims that he was defamed by his former co-workers, the alleged defamatory statements were clearly entitled to a qualified privilege, which is not overcome by the plaintiff's conclusory allegations that the statements were published with actual malice *(see, Shapiro v Health Ins. Plan,* 7 NY2d 56; *Misek-Falkoff v Keller,* 153 AD2d 841).

We further find that the proposed amended complaint also fails to state a cause of action for which relief may be granted. Therefore the plaintiff's cross motion for leave to amend the complaint was properly denied *(see, Wieder v Skala,* 168 AD2d 355). Bracken, J. P., O'Brien, Pizzuto and Altman, JJ., concur.