■ Thomas E. Wulforst et al., Appellants, v Marian Hughes, Respondent. [628 NYS2d 165] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Murphy, J.), dated March 28, 1994, which granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion for summary judgment and for leave to serve an amended complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Thomas Wulforst, a volunteer firefighter and certified "fire police officer", was struck by the defendant's vehicle while performing traffic control duties in connection with firefighting activities being conducted nearby. The Supreme Court granted the defendant's summary judgment motion on the ground that the common law negligence action is barred

by the "firefighter's rule" *(see, Ruocco v New York City Tr. Auth.,* 85 NY2d 423; *Santangelo v State of New York,* 71 NY2d 393).

We agree with the Supreme Court that Thomas Wulforst's common-law negligence claim is barred by the firefighter's rule because the injury which he sustained was related to the particular dangers which he was expected to assume as part of his duties *(see, Ruocco v New York City Tr. Auth., supra; Cooper v City of New York,* 81 NY2d 584, 590). The record clearly evinces that Mr. Wulforst was exposed to a heightened risk of being struck by a motor vehicle and thereby sustaining injury when he assumed his position in the middle of an intersection in furtherance of his traffic control duties at the fire scene *(see, Ruocco v New York City Tr. Auth., supra).* As no material triable issue of fact exists in this regard, summary judgment was properly awarded to the defendant.

We reject the plaintiffs' contention that Mr. Wulforst was a "police officer" and thus within the class of plaintiffs in whose favor General Municipal Law § 205-e was created. Indeed, General Municipal Law § 205-e includes within its purview only police officers and not, as the plaintiffs contend, peace officers such as Mr. Wulforst *(see,* General Municipal Law § 209-c; *Pane v City of New York,* 177 AD2d 688). As such, the court properly denied the plaintiffs' application for leave to serve an amended complaint so as to assert a claim based upon General Municipal Law § 205-e *(see generally, Bobrowsky v Lexus,* 215 AD2d 424; *Mathiesen v Mead,* 168 AD2d 736). Sullivan, J. P., Miller, Pizzuto and Friedmann, JJ., concur.