■ ROBIN HYER, Appellant, v SOUTHSIDE HOSPITAL et al., Respondents. [643 NYS2d 219] —In an action, inter alia, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), entered April 21, 1995, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting therefrom the provision granting those branches of the defendants' motion which were for summary judgment dismissing the first four causes of action and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, Robin Hyer, a Registered Nurse, commenced this action to recover damages, inter alia, for allegedly defamatory statements made by her employer, the defendant Southside Hospital, and certain of its employees in the course of the plaintiff being discharged from her job. On April 21, 1994, the plaintiff administered certain vaccinations and a test to a patient. A dispute arose between the plaintiff and her supervisors over whether the plaintiff had the proper authority to give

those injections and that test. The individual defendants accused the plaintiff of acting outside the scope of her nursing license and fired her.

A qualified privilege extends to a communication made by one person to another upon a subject in which both have an interest (*see, Liberman v Gelstein,* 80 NY2d 429, 437). To overcome a defense of a qualified privilege, a plaintiff must make an evidentiary showing that the statements were published with malice (*see, Liberman v Gelstein, supra,* at 437; *Hollander v Cayton,* 145 AD2d 605, 606).

The statements in this case were subject to a qualified privilege. However, the plaintiff has proffered evidence sufficient to raise an issue of fact regarding the defendants' alleged malice (*see, Liberman v Gelstein, supra; Kamerman v Kolt,* 210 AD2d 454, 455). Accordingly, the Supreme Court erred in granting the defendants' motion for summary judgment as to the first four causes of action alleging defamation.

We find the plaintiff's remaining contentions to be without merit. Balletta, J. P., Miller, Sullivan and Copertino, JJ., concur.