■ Joseph N. Trachtman, Appellant, v Empire Blue Cross and Blue Shield et al., Respondents. [673 NYS2d 726] —In an action to recover damages for defamation, tortious interference with contract, and intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Kings County (Dowd, J.), dated July 22, 1997, which granted the defendants' motion to dismiss the complaint, *inter alia,* for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

In February 1996, as part of a random routine anti-fraud review, the defendant Empire Blue Cross and Blue Shield (hereafter Empire) sent a letter to the plaintiff, an optometrist, requesting copies of, among other items, contemporaneous office records, diagnostic findings, and test results for eight patients for whom the plaintiff had sought and received medical benefit payments. The defendant Thomas Cantwell is the manager of Empire's Fraud Division. When the information was not provided as requested, Empire sought to procure the information by, *inter alia,* contacting the patients directly. Ultimately, Empire demanded reimbursement from the plaintiff for benefits paid and threatened further legal action. The plaintiff thereafter commenced this action alleging that Empire had defamed him in communications with his patients, that those communications constituted tortious interference with his contracts with those patients, and that Empire's conduct toward him constituted intentional infliction of emotional distress. Prior to issue being joined, the defendants moved to dismiss the complaint on the ground, *inter alia,* that it failed to state a cause of action. In the order appealed from, the Supreme Court granted the motion and dismissed the complaint. We now affirm.

In the context in which the alleged defamatory communica-

tions were made by Empire to the plaintiff's patients, such communications were protected by a qualified privilege not overcome by the plaintiff's conclusory allegations of malice (*see, Liberman v Gelstein,* 80 NY2d 429; *Stukuls v State of New York,* 42 NY2d 272; *Doherty v New York Tel. Co.,* 202 AD2d 627; *Hollander v Cayton,* 145 AD2d 605). Moreover, the plaintiff's claims arising from some of the allegedly defamatory communications were time-barred (*see, Karam v First Am. Bank,* 190 AD2d 1017) and his allegations of defamation were not sufficiently particular for purposes of CPLR 3016 (a) (*see, Erlitz v Segal, Liling & Erlitz,* 142 AD2d 710; *Buffolino v Long Is. Sav. Bank,* 126 AD2d 508; *Geddes v Princess Props. Intl.,* 88 AD2d 835).

The plaintiff also alleged that Empire's communications with his patients constituted tortious interference with his contractual relations with such patients. However, the plaintiff, *inter alia,* failed to allege sufficient facts to plead that the alleged interference by Empire was for the sole purpose of harming him (*see, Bellino Schwartz Padob Adv. v Solaris Mktg. Group,* 222 AD2d 313; *EDP Hosp. Computer Sys. v Bronx-Lebanon Hosp. Ctr.,* 212 AD2d 570; *Lerman v Medical Assocs.,* 160 AD2d 838), rather than merely incidental to the lawful purpose of obtaining the sought after information (*Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276).

The plaintiff's allegations concerning intentional infliction of emotional distress fail to set forth the extreme and outrageous conduct needed to support such a claim (*see, Freihofer v Hearst Corp.,* 65 NY2d 135).

The plaintiff's remaining contentions are without merit. Ritter, J. P., Thompson, Altman and McGinity, JJ., concur.