◼ RICHARD SOTO, Appellant, v JOHNNY ORTIZ et al., Defendants, and ALBERT GEOFFREDO et al., Respondents. [680

NYS2d 552] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Richard A. Goldberg, J.), dated August 12, 1997, as denied that branch of his motion which was to vacate the dismissal of the action as against the defendants Albert Geoffredo and the City of New York.

Ordered that the order is affirmed insofar as appealed from, with costs.

In or about May 1992, the plaintiff, a New York City Police Officer, commenced the instant common-law negligence action against, among others, the City of New York and fellow Police Officer Albert Geoffredo (hereinafter the municipal defendants) to recover damages for personal injuries which he allegedly sustained while a passenger in a City-owned radio motor patrol car operated by Geoffredo. The case was marked off the calendar in December 1995 because the plaintiff failed to appear at a compliance conference. More than one year after the case was marked off the calendar, the plaintiff moved, *inter alia*, to restore it, and the motion was denied. On appeal, the plaintiff claims that the court erred in denying that branch of his motion which was to vacate the dismissal against the municipal defendants.

"It is well settled that in order to vacate a dismissal pursuant to CPLR 3404, the plaintiff must establish the merits of the case, a reasonable excuse for the delay, the absence of an intent to abandon the matter, and the lack of prejudice to the nonmoving party if the case is restored to the calendar" (*Iazzetta v Vicenzi*, 243 AD2d 540). Here, the plaintiff's complaint asserted only a cause of action to recover damages for common-law negligence. Under the facts of this case, such a cause of action insofar as asserted against the municipal defendants is barred by the so-called "firefighter's rule" (*see, Zanghi v Niagara Frontier Transp. Commn.*, 85 NY2d 423; *Cooper v City of New York*, 81 NY2d 584; *Santangelo v State of New York*, 71 NY2d 393; *Wulforst v Hughes*, 216 AD2d 383; *Smullen v City of New York*, 214 AD2d 508; *Clark v DeJohn*, 198 AD2d 818; *Sciarrotta v Valenzuela*, 182 AD2d 443). Therefore, the Supreme Court properly denied that branch of the motion which was to vacate the dismissal and restore the action as against the municipal defendants. Bracken, J. P., Ritter, Copertino, Santucci and Altman, JJ., concur.