■ RED CAP VALET, LTD., Respondent, v HOTEL NIKKO (USA), INC., Defendant, and RAMON ROSA et al., Appellants. [709 NYS2d 578] —In an action, *inter alia,* to recover damages for defamation and tortious interference with a contract, the defendant Ramon Rosa appeals (1) from an order of the Supreme Court, Nassau County (Levitt, J.), entered April 22, 1999 (Appellate Division Docket No. 1999-04661), which, among other things, denied his cross motion to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and (2), as limited by his brief, from so much of an order of the same court, also entered April 22, 1999 (Appellate Division Docket No. 1999-05407), as denied that branch of his motion which was to dismiss the second cause of action in the amended complaint for failure to state a cause of action and granted the plaintiff leave to replead the sixth cause of action in the amended complaint insofar as asserted against him, and the defendant Leigh Russo separately appeals from so much of the order in Appellate Division Docket No. 1999-05407 as denied that branch of her motion which was to dismiss the fourth cause of action in the amended complaint for failure to state a cause of action and granted the plaintiff leave to replead the sixth cause of action in the amended complaint insofar as asserted against her.

Ordered that the appeal by the defendant Ramon Rosa from the order entered April 22, 1999 (Appellate Division Docket No. 1999-04661), is deemed withdrawn pursuant to letter dated April 4, 2000; and it is further,

Ordered that the order entered April 22, 1999 (Appellate Division Docket No. 1999-05407), is modified, on the law, by (1) deleting the provision thereof denying that branch of the motion of the defendant Leigh Russo which was to dismiss the fourth cause of action in the amended complaint, and substituting therefor a provision granting that branch of the motion, and the fourth cause of action in the amended complaint is dismissed, and (2) deleting the provision thereof granting the plaintiff leave to replead the sixth cause of action in the amended complaint; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendant Leigh Russo is awarded one bill of costs.

The Supreme Court properly declined to dismiss the second cause of action asserted against the defendant Ramon Rosa. The allegations in the amended complaint sufficiently state a cause of action against Rosa to recover damages for tortious interference with prospective contractual relations (*see, Guard-Life Corp. v Parker Hardware Mfg. Corp.,* 50 NY2d 183, 191-192; *Jurlique, Inc. v Austral Biolab Pty.,* 187 AD2d 637, 638-639).

The Supreme Court erred, however, in failing to dismiss the fourth cause of action alleging that the defendant Leigh Russo made a defamatory statement regarding the plaintiff, an independent contractor hired by her employer. The statement, which was made to a co-worker, was subject to a qualified privilege because it concerned a matter in which both Russo and her co-worker had an interest (*see, Liberman v Gelstein,* 80 NY2d 429, 437; *Hyer v Southside Hosp.,* 227 AD2d 592). The plaintiff failed to allege any facts from which malice could be inferred and its conclusory allegations of malice were insufficient to overcome the privilege (*see, Trachtman v Empire Blue Cross & Blue Shield,* 251 AD2d 322; *Doherty v New York Tel. Co.,* 202 AD2d 627).

The Supreme Court also erred in granting the plaintiff leave to replead its sixth cause of action alleging that Rosa and Russo had conspired to tortiously interfere with its contractual relations. Contrary to the plaintiff's contention, the appellants are aggrieved by that portion of the Supreme Court's order (*see, Planned Consumer Mktg. v Coats & Clark,* 71 NY2d 442, 447, n 5). New York does not recognize an independent tort to recover damages for conspiracy (*see, New Dimensions Spa v Fitness Place Rockville Centre, N. Y.,* 187 AD2d 493, 494) and the plaintiff did not demonstrate that it could properly plead any other cognizable cause of action (*see,* CPLR 3211 [e]). Ritter, J. P., Sullivan, Altman and Feuerstein, JJ., concur.