■ A.R. MACK CONSTRUCTION CO., INC., Appellant-Respondent, v PATRICIA ELECTRIC, INC., Respondent-Appellant and Third-Party Plaintiff-Appellant. C.O. FALTER CONSTRUCTION CORP., Third-Party Defendant-Respondent. [773 NYS2d 643]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Robert J. Nicholson, J.), entered December 18, 2002. The order, inter alia, granted the motion of third-party defendant for summary judgment dismissing the third-party complaint and denied the cross motion of defendant-third-party plaintiff for leave to amend the third-party complaint and summary judgment dismissing plaintiff's indemnification claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff, A.R. Mack Construction Co., Inc. (Mack), and defendant-third-party plaintiff, Patricia Electric, Inc. (Patricia Electric), each contributed half of the settlement of a Court of Claims action involving a Labor Law § 240 (1) claim by an employee of Mack's subcontractor, third-party defendant, C.O. Falter Construction Corp. (Falter). In this action Mack seeks reimbursement, contribution and/or indemnification from Patricia Electric, and Patricia Electric seeks contribution, apportionment of liability and common-law indemnification from Mack, for the sums each paid toward the settlement. Patricia Electric impleaded Falter seeking common-law indemnification. Supreme Court granted Falter's motion seeking dismissal of the third-party complaint and denied Patricia Electric's cross motion seeking summary judgment dismissing Mack's claim for indemnification as well as leave to amend the third-party complaint to add a cause of action for contractual indemnification. In its order, the court provided that, "although [it] has granted the motion by Falter to dismiss the third-party complaint against this entity, Patricia Electric shall not be precluded—and has the right—to attempt to prove and/or show the negligence of Falter as an agent of Mack including, but not limited to, that Patricia Electric did not supply the ladder in question to Falter and/or that Patricia Electric did not give Falter permission to [utilize] the ladder in question." Mack interprets that language as a sua sponte determination that Falter was Mack's agent as a matter of law. We disagree. In our view, that language merely permits Patricia Electric to attempt to prove that Falter was Mack's agent and was negligent.

The court properly denied that part of Patricia Electric's cross motion seeking summary judgment dismissing Mack's claim for indemnification. Patricia Electric failed to submit evidentiary proof in admissible form establishing its entitlement to judgment as a matter of law (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We further conclude that the court properly denied that part of Patricia Electric's cross motion seeking leave to amend the third-party complaint to add a cause of action for contractual indemnification. Although leave to amend pleadings should be freely granted (see CPLR 3025 [b]), leave is properly denied where, as here, the proposed amendment plainly lacks merit (see Christiano v Chiarenza, 1 AD3d 1039 [2003]; Foley v City of Buffalo, 202 AD2d 1050 [1994]). Patricia Electric did not have a contract with Falter and was not a party to any contract containing an indemnification

provision. Rather, it seeks to assert a right to contractual indemnification pursuant to provisions in the contracts of Mack and Falter permitting indemnification of agents of the owner. Contrary to the contention of Patricia Electric, there are no factual allegations in the proposed amendment supporting the conclusory allegation that it was an agent of the owner, i.e., that it had "the authority to supervise and *control* the work being performed at the time of the injury" (*Musselman v Charles A. Gaetano Constr. Corp.*, 285 AD2d 868, 869 [2001] [internal quotation marks omitted]; *see Decotes v Merritt Meridian Corp.*, 245 AD2d 864, 865-866 [1997]; *cf. Hojohn v Beltrone Constr. Co.*, 255 AD2d 658, 659-660 [1998]). Even assuming, arguendo, that Patricia Electric could be considered an agent of the owner, we nevertheless conclude that the indemnification provisions of the contracts at issue do not clearly manifest an intent to impose an obligation on the contracting parties to indemnify Patricia Electric (*see Lipshultz v K & G Indus.*, 294 AD2d 338 [2002]; *see also Tonking v Port Auth. of N.Y. & N.J.*, 2 AD3d 213 [2003]; *see generally Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]). Based on our resolution of the indemnification issue, we see no need to address Patricia Electric's remaining contentions. Present—Green, J.P., Pine, Scudder, Kehoe and Gorski, JJ.