■ JAMILA HAME, Appellant, v KELLY LAWSON et al., Respondents. [895 NYS2d 141]—

In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated May 21, 2008, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was struck by an automobile driven by Igal Shaul. She filed a claim for no-fault benefits with Shaul's insurer, the defendant Response Insurance Company (hereinafter RIC). After conducting an investigation, including examinations under oath of the plaintiff and Shaul, RIC denied her claim, concluding that she had made "material misrepresentations and false statements" and that the incident was a "deliberate[ly] staged event." The denial of claim form was sent to three medical providers who had treated the plaintiff. After a referee determined that Shaul had been involved in the accident, the plaintiff brought this action alleging that she had been defamed when RIC sent the denial to her medical providers.

Contrary to the plaintiff's contention, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. The statements made in the denial of claim form were subject to a qualified privilege as both RIC and the medical providers treating the plaintiff had an interest in that communication (*see Golden v Stiso*, 279 AD2d 607, 608 [2001]). In order to overcome the privilege, the plaintiff was required to allege that RIC's statements were made solely with malice, either under the constitutional or common-law standard (*see Liberman v Gelstein*, 80 NY2d 429, 438 [1992]; *Rohrlich v Consolidated Bus Tr., Inc.*, 15 AD3d 561, 562 [2005]). "The plaintiff failed to allege any facts from which malice could be inferred and [her] conclusory allegations of malice were insufficient to overcome the privilege" (*Red Cap Valet v Hotel Nikko [USA]*, 273 AD2d 289, 290 [2000]; *see Rohrlich v Consolidated Bus Tr., Inc.*, 15 AD3d at 562; *Serratore v American Port Servs.*, 293 AD2d 464 [2002]; *Friedman v Ergin*, 110 AD2d 620 [1985], *affd* 66 NY2d 645 [1985]; *see also Breytman v Olinville Realty, LLC*, 54 AD3d 703, 704 [2008]; *Baker v City of New York*, 44 AD3d 977, 981 [2007]).

The plaintiff's remaining contention that the motion should have been denied as premature is without merit (*see* CPLR 3211 [d]; *Gabrielli Truck Sales v Reali*, 258 AD2d 437 [1999]). Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.