■ MICHAEL C. WEISS et al., Appellants, v TERRENCE LOWENBERG et al., Defendants, and DENNIS KONNER et al., Respondents. [944 NYS2d 27]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III., J.), entered October 28, 2010, dismissing the complaint as against defendant Dennis Konner pursuant to an order, same Court and Justice, entered August 26, 2010, which, inter alia, granted Konner's motion to dismiss the complaint as

against him, unanimously modified, on the law, to the extent of reinstating the first and fifth causes of action against Konner alleging slander per se and the third cause of action against him alleging slander of title, and otherwise affirmed, without costs. Order, same court and Justice, entered August 26, 2010, which granted the motion of defendant First American Title Insurance Company of New York (First American) to dismiss the second cause of action as against it alleging tortious interference with contract, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered August 26, 2010, which granted defendant Konner's motion to dismiss the complaint as against him, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs allege, inter alia, that defendants defamed them by accusing them, at a real estate closing at which third parties were present, of signing and filing a perjurious and fraudulent probate petition. The defamatory statements and allegations of malice set forth in the complaint were sufficient to state a claim for slander per se. Although allegations of malice may not rest on mere surmise and conjecture, on a motion to dismiss, plaintiffs are not obligated to show evidentiary facts to support their allegations of malice (*see Arts4All, Ltd. v Hancock*, 5 AD3d 106, 109 [2004]). Moreover, a defamation complaint should not be dismissed on a pre-answer motion to dismiss based on a qualified privilege claim where, as here, the content and context of the alleged defamatory statements in the complaint or supporting materials on the motion are "sufficient to potentially establish malice" (*Pezhman v City of New York*, 29 AD3d 164, 168 [2006]), or are such that malice can be inferred (*see Hame v Lawson*, 70 AD3d 640, 641 [2010]). This comports with the principle that the allegations of a complaint facing a pre-answer motion to dismiss are to be deemed true and, the plaintiff is to be accorded the benefit of every reasonable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), and that an inference of malice flows from a defamatory statement (*see Toker v Pollak*, 44 NY2d 211, 219 [1978]). Thus, the allegations that Konner made false statements about plaintiffs in order to provide a pretext to abort the closing, satisfied the pleading requirements of malice (*see e.g. Kotowski v Hadley*, 38 AD3d 499, 500 [2007]), and Supreme Court erred in dismissing the slander claims on the ground that the allegations of malice were conclusory.

The alleged defamatory statements Konner made about plaintiffs, which impugned their ability and intention to pay the appropriate estate taxes on the property to be sold, were sufficient to state a claim for slander of title and to satisfy the

pleading requirements of CPLR 3016 (a), as the statements cast doubt on the validity of title of the property to be sold. The court, however, properly dismissed the claim for injurious falsehood (fourth cause of action) based on its finding that alleged defamatory statements involved a single sale of property and did not involve plaintiffs' business or trade or affect a business relationship (*see Waste Distillation Tech. v Blasland & Bouck Engrs.*, 136 AD2d 633, 634 [1988]).

The court properly dismissed the cause of action for tortious interference with contract asserted against First American. Although plaintiffs alleged that the transaction failed to close as a result of First American's failure to insure, the complaint does not allege that First American intentionally procured the buyer's breach of the contract for sale of the property, or even that the contract was breached (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424-425 [1996]; *Krinos Foods, Inc. v Vintage Food Corp.*, 30 AD3d 332, 333 [2006]). Moreover, plaintiffs' allegation that First American asserted a title exception in order to accommodate the buyer's desire to avoid closing on the contract contradicts the claim that the contract would have closed but for First American's purportedly malicious and reckless actions.

The court properly struck the demand for punitive damages. Such damages "require a demonstration that the wrong complained of rose to a level of such wanton dishonesty as to imply a criminal indifference to civil obligations" (*164 Mulberry St. Corp. v Columbia Univ.*, 4 AD3d 49, 60 [2004], *lv dismissed* 2 NY3d 793 [2004] [internal quotation marks and citation omitted]). Here, the allegations of malice do not rise to such a level. Concur—Friedman, J.P., Sweeny, Acosta, Renwick and Abdus-Salaam, JJ.