Pigott, J.
(dissenting). Section 205-e of the General Municipal Law—the provision under which plaintiff seeks to impose liability against his municipal employer—was passed by the legislature in 1989 (see L 1989, ch 346, § 1). That section was enacted, in large part, in response to this Court’s decision in Santangelo v State of New York (71 NY2d 393 [1988]), where we held that on-duty police officers were not entitled to recover for injuries sustained in the line of duty as a result of the negligence of third parties (see Senate Introducer’s Mem in Support, Bill Jacket, L 1989, ch 346 at 5, 1989 NY Legis Ann at 180; see also Letter from Dean G. Skelos to Executive Chamber, June 30, 1989, Bill Jacket, L 1989, ch 346 at 6). The statute provides that, so long as the injured officer could show that the third party failed to comply with the requirements of any statute, ordinance, rule or order of a government entity, the injured officer could bring a negligence cause of action against the third party.
When enacting section 205-e, the legislature recognized that permitting officers to bring negligence actions against third parties could result in fiscal savings to the municipal employer. Since the injured police officers (living in municipalities with a *242 population of less than one million)[1] were already entitled to receive their salaries and payment of their medical bills and hospital fees pursuant to General Municipal Law § 207-c, the municipality could now file a lien and recoup those costs from the third-party wrongdoer (see Senate Introducer’s Mem in Support, Bill Jacket, L 1989, ch 346 at 5, 1989 NY Legis Ann at 180).
Nowhere in the legislative history of the enactment of section 205-e did the legislature indicate that it intended for the injured employee to commence a lawsuit against the municipal employer providing section 207-c benefits. Indeed, appellate courts routinely recognized that section 207-c benefits were the injured police officer’s exclusive remedy against his or her municipal employer (see e.g. Nieves v City of Yonkers, 268 AD2d 412 [2d Dept 2000]; Damiani v City of Buffalo, 198 AD2d 814 [4th Dept 1993]).
While elected officials expressed a fear during debate concerning the 1996 amendments that section 205-e could be viewed as giving injured officers a viable cause of action against their municipal employer, the legislature made clear that the common-law bar on tort claims against municipal employers remained (see General Obligations Law § 11-106), thereby evidencing its continued intention to prohibit such suits. Further, the legislature did not alter the language of section 205-e in any way to indicate a change in the statute’s original intent, which was to provide municipal employers paying 207-c benefits a fiscal savings, not subject them to liability. In the more than 25 years since the enactment of 205-e, an injured police officer suing his or her municipal employer has remained anathema.[2]
The majority spends much of its time distinguishing workers’ compensation from section 207-c benefits. But that analysis *243 begs the question: Why would an injured officer receiving section 207-c benefits, as opposed to workers’ compensation, be entitled to sue his or her employer? Indeed, this Court has recognized that section 207-c benefits are expansive (even more so than workers’ compensation benefits). Injured officers receive their full amount of regular salary or wages, and the municipality is “liable for all medical treatment and hospital care necessitated by the injury or illness,” which payments “continue [even] after the employee’s retirement, and are bestowed in addition to any retirement allowance or pension” (Matter of Theroux v Reilly, 1 NY3d 232, 239 [2003]). The fact that section 207-c provides different benefits than workers’ compensation, however, does not authorize an officer to bring a lawsuit against his or her municipal employer. The more expansive benefits available under section 207-c compels just the opposite conclusion.
The legislative history of section 205-e provides no explanation for the distinction the majority attempts to make between workers’ compensation and 207-c benefits because there is none. In my view, injured officers are no more entitled to commence an action against their municipal employer pursuant to section 205-e when they are receiving section 207-c benefits than if they were receiving benefits under workers’ compensation. Therefore, I dissent.
Chief Judge DiFiore and Judges Rivera, Abdus-Salaam, Fa-hey and Garcia concur; Judge Pigott dissents and votes to affirm in an opinion.
Order reversed, with costs, and matter remitted to the Appellate Division, Fourth Department, for consideration of the facts and issues raised but not determined on the appeal to that court.

. All municipalities except New York City are compelled to provide full salary and health care benefits to their firefighters and police officers injured while on duty pursuant to the General Municipal Law. Therefore, the legislature has chosen to treat New York City differently and there is no basis to compare General Municipal Law § 207-c to the rules pertaining to that municipality. Nor is there any basis to rely on prior precedent of this Court that involved injured police officers suing the City of New York under section 205-e to determine the issue at hand.

. The majority notes our decision in Williams v City of New York (2 NY3d 352, 363 [2004]) for the proposition that this Court has recognized suits against municipal employers under section 205-e (see majority op at 240 n 3). Williams, however, involved lawsuits against the City of New York and did not involve injured police officers receiving section 207-c benefits.