Nicholson v Sabey Data Ctr. Props., LLC (2018 NY Slip Op 02892)





Nicholson v Sabey Data Ctr. Props., LLC


2018 NY Slip Op 02892


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Renwick, J.P., Manzanet-Daniels, Tom, Andrias, Oing, JJ.


6380 156351/12

[*1]Sherlock Nicholson, Plaintiff,
v
Sabey Data Center Properties, LLC, et al., Defendants. 
[And a Third-Party Action]
Select Safety Consulting Services, Inc., Second Third-Party Plaintiff-Appellant,
v
Cirocco and Ozzimo, Inc., Second Third-Party Defendant-Respondent.


Nicoletti Gonson Spinner LLP, New York (Benjamin N. Gonson of counsel), for appellant.
Koster, Brady & Nagler, LLP, New York (Kenneth Todd Bierman of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about February 24, 2017, which, insofar as appealed from as limited by the briefs, granted second third-party defendant's (Cirocco) motion pursuant to CPLR 3211(a)(1) to dismiss the second third-party causes of action for contractual indemnification and breach of contract for failure to procure insurance, unanimously affirmed, with costs.
The subcontract between Cirocco and defendant Sabey Construction, Inc. neither identified second third-party plaintiff (Select) as an "agent" nor included Select in the entities identified in the indemnification provision. Thus, it did not "spell out" an obligation on Cirocco's part to indemnify Select, and no such obligation will be read into it (see Tonking v Port Auth. of N.Y. & N.J., 3 NY3d 486, 490 [2004]; A.R. Mack Constr. Co. v Patricia Elec., 5 AD3d 1025, 1027 [4th Dept 2004]). "If the parties intended to cover [Select] as a potential indemnitee, they had only to say so unambiguously" (Tonking, 3 NY3d at 490).
Nor did the subcontract "expressly and specifically" state a requirement that Cirocco name Select as an additional insured under an insurance policy (see 77 Water St., Inc. v JTC [*2]Painting & Decorating Corp., 148 AD3d 1092, 1096 [2d Dept 2017] [internal quotation marks omitted]). The entities that Cirocco was required to name as additional insureds were listed in exhibits to the subcontract; Select was not included among those entities.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK