Melis v Van Wickler (2020 NY Slip Op 04157)





Melis v Van Wickler


2020 NY Slip Op 04157


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-02050
 (Index No. 606503/16)

[*1]David H. Melis, appellant, 
v
Melissa Van Wickler, et al., respondents, et al., defendants. The Law Office of Mark E. Nadjar, P.C., Commack, NY, for appellant.


Schondebare & Grayson, P.C., Bohemia, NY (Brian M. Martin of counsel), for respondent Melissa Van Wickler.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Sarah M. Ziolkowski of counsel), for respondent GEICO General Insurance Co.



DECISION & ORDER
In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated January 26, 2017. The order granted the motion of the defendant Melissa Van Wickler for summary judgment dismissing the amended complaint insofar as asserted against her, granted the motion of the defendant GEICO General Insurance Co. pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it, and denied the plaintiff's cross motion for leave to serve a second amended complaint.
ORDERED that the order is affirmed, with one bill of costs.
On April 22, 2015, an individual attempting to flee after a shoplifting incident stole a car owned by Wayne Mulato and attempted to drive away. The car the individual was driving collided with a parked car, allegedly causing injury to William Van Wickler and William Van Wickler, Jr. The plaintiff was subsequently arrested and arraigned on charges stemming from the incident, but those charges were dismissed and another individual was identified as the perpetrator.
The plaintiff thereafter commenced the instant action to recover damages for defamation against Melissa Van Wickler (hereinafter Van Wickler), who made certain statements about the plaintiff to a local news reporter. The instant action was also commenced against GEICO General Insurance Co. (hereinafter GEICO), which had issued a letter disclaiming coverage to the plaintiff under a policy of insurance issued to Mulato and his wife, on the basis that the plaintiff had driven Mulato's vehicle without permission. The letter was sent to the plaintiff and copied to Mulato and his wife.
Van Wickler moved for summary judgment dismissing the amended complaint insofar as asserted against her, and GEICO moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it. The plaintiff cross-moved for leave to serve a second amended complaint. In an order dated January 26, 2017, the Supreme Court granted the [*2]motions, and denied the cross motion.
Van Wickler demonstrated her prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against her. "Since falsity is a necessary element of a defamation cause of action and only facts' are capable of being proven false, it follows that only statements alleging facts can properly be the subject of a defamation action'" (Gross v New York Times Co., 82 NY2d 146, 152-153, quoting 600 W. 115th St. Corp. v Von Gutfeld, 80 NY2d 130, 139; see Kasavana v Vela, 172 AD3d 1042, 1044). Here, the statements made by Van Wickler and identified by the plaintiff as defamatory constituted opinions, and therefore, were not actionable (see Nachbar v Cornwall Yacht Club, 160 AD3d 972, 974).
GEICO also met its burden on its motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against it. The statements made in GEICO's disclaimer letter were subject to a qualified privilege as both GEICO and Mulato and his wife, i.e., the policyholders, had an interest in that communication (see Hame v Lawson, 70 AD3d 640, 641). Further, the plaintiff failed to allege any facts from which it could be inferred that GEICO's statements were made solely with malice, so as to overcome the privilege (see id. at 641). Additionally, because the plaintiff's proposed amendments to the cause of action asserted against GEICO did not cure the defect in that cause of action, the proposed amendment was palpably insufficient (see CPLR 3025[b]; Nachbar v Cornwall Yacht Club, 160 AD3d at 974).
Accordingly, we agree with the Supreme Court's determination to grant Van Wickler's and GEICO's motions, and to deny the plaintiff's cross motion.
BALKIN, J.P., DUFFY, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court