Raymond T. Boyle and Another, Copartners Doing Business under the Name and Style of Boyle Bros., Respondents, *v.* Paolini Cafeteria & Restaurant, Inc., and Another, Defendants, Impleaded with Eugene Tanke, Appellant, and Edwin P. Bacon and Others, Respondents.

Fourth Department, May 4, 1927.

Liens — mechanic's lien — liability of owner — lease of property contained provision that alterations should not be made without written consent of landlord but also contained permission to make certain alterations — alterations made were not greater than contemplated by lease — fact that repairs exceeded verbal estimates is not sufficient to negative existence of consent — time for filing notice of lien commences to run only after completion of contract — owner is not personally liable to lienors, since there is no evidence that tenant acted as owner's agent.

This is an action to foreclose a certain mechanic's lien. The owner of the property, which was leased prior to the improvements forming the basis for the lien, defends on the ground that no consent was given to the alterations as made, as required by the lease. The lease contained a stipulation that the tenant would not make any material alterations without the prior written consent of the owner, but it also contained a clause granting specific consent to make certain alterations for the purpose of installing a restaurant. The lease itself authorized the making of the alterations forming the basis of the lien and nothing more was done than contemplated by the parties at the time the lease was made, and, therefore, the defense of want of consent is not good. Furthermore, the fact that the repairs exceeded the verbal estimates is not sufficient to negative the existence of consent, since there was no deviation from the general plans agreed on by the parties to the lease.

The claim that one of the lienors failed to file a notice of lien within the statutory period of four months cannot be sustained. It appears that this lienor had a contract for installing plumbing, including a water heating apparatus, and that after the installation was completed on April 25, 1925, a test of the heating apparatus demonstrated that it was not sufficient for the needs of the restaurant. Thereafter a larger size was substituted and the work of installation of this was begun on May eighth and completed on June nineteenth. During this time the lienor's equipment remained on the property. The lien filed September twenty-ninth was within time, for the work was not finally completed until June nineteenth, when the larger heating apparatus was installed and ready for operation. The entire service rendered by the lienors was single and continuous.

A notice of lien filed by another lienor on September 8, 1925, was filed within the proper time, since it appears that this lienor had a contract for laying the floor and that some time after the floor was laid the lienor washed and polished the floor which was made necessary because of the appearance of saltpeter on its surface. The washing and polishing of the floor were a part of the work which the lienor contracted to perform and his notice of lien filed within four months after that part of the work was completed was filed in time.

The owner is not personally liable to the lienors for there is no evidence to warrant the conclusion that the tenant in making the repairs acted as the agent of the owner.

APPEAL by the defendant, Eugene Tanke, from a judgment of the Supreme Court in favor of the plaintiffs and certain of the defendants, entered in the office of the clerk of the county of Erie on the 10th day of December, 1926, upon the report of an official referee appointed to hear and determine the whole issues.

*Walter C. Newcomb,* for the appellant.

*Stephen V. O'Gorman,* for the plaintiffs, respondents.

*Karl A. McCormick,* for the defendant, respondent, Uschold Electric Shop, Inc.

*Dethloffs E. Klein,* for the defendant, respondent, Schneider.

*Charles F. Boine,* for the defendants, respondents, Bacon and Lurkey.

SEARS, J. Eugene Tanke, the defendant, was on the 18th day of December, 1924, and subsequently, the owner of certain real property consisting of a lot and building upon it known as the " Market Arcade " building in the city of Buffalo. On the date mentioned he rented to Sante Paolini certain space in the building for a period of ten years beginning February 1, 1925, to be used and occupied as a restaurant and for no other purpose. The lease was in writing and contained, among other provisions, the following:

"*Second.* The tenant hereby agrees not to make any material alterations or additions to said premises, or any part thereof, or to remove any part thereof, nor suffer or allow the same to be done, without the prior written consent of the owner and of the State and Municipal authorities having jurisdiction with regard thereto first obtained in each and every case, and that all improvements and additions made by the Tenant, except trade fixtures, shall belong to the Owner, (And the Tenant also agrees, if the Owner shall so request, to procure at the Tenant's expense, the approval of Edwin P. Bacon, the Tenant's architect,) of any such alterations or additions, and to carry at the Tenant's expense Workmen's Compensation Insurance while such alterations or additions are being made, and to keep said premises free from mechanics' liens, and the Tenant hereby covenants and agrees to indemnify the Owner against, and save the Owner harmless from, any such liens.   *   *   *

"*Twenty-first.* The Tenant also covenants and agrees to do the following things: (a) to install a system of chemical hand fire extinguishers in said premises and procure the approval thereof by the Board of Fire Underwriters; (b) to install all electric equipment and plumbing in said leased premises; (c) to permit the Owner to

take away such glass, frames, cases and marble as the Owner may select, before the Tenant's alterations are begun, and the remainder of the glass, materials and salvage shall be used or destroyed by the Tenant; (d) to place partitions at both ends of said leased premises before commencing other alterations, so as to minimize the noise and discomfort to other tenants while alterations are in progress; (e) to pay to the Owner all increase, if any, in the Owner's insurance premiums caused by the Tenant's alterations and improvements; (f) to install and maintain a good and sufficient ventilating system in said leased premises; (g) to move the men's toilet in the basement from its present location to a new location near the women's toilet.

" None of the alterations and improvements enumerated in this paragraph (except fire extinguishers) shall be deemed trade-fixtures, and all thereof when installed shall become a part of the building and belong to the Owner."

The lease was shortly thereafter assigned by Sante Paolini to a corporation named the Paolini Cafeteria & Restaurant, Inc., which entered into possession under the lease and proceeded to make alterations and repairs so as to fit the premises for use as a restaurant as contemplated by the terms of the lease. The parties to this action other than Tanke and Paolini Cafeteria & Restaurant, Inc., are contractors, who, under contract with Paolini Cafeteria & Restaurant, Inc., furnished labor and materials in making the alterations, and architects employed by the restaurant company to plan and supervise the making of such alterations.

The defendant Tanke now asserts the invalidity of all the liens, except that of the defendant Niagara Blower Company, on the grounds that the work of the contractors was done without his written consent and approval as required by the lease, and that the work as a whole greatly exceeded in cost the estimate which had been furnished to him by the tenant at about the time of the making of the lease. He also contends that the Schneider notice was not filed within the statutory four months after the completion of the work, and that the plaintiffs' notice so far as it relates to work other than the replacing of a boiler was ineffective to establish a lien because filed too late. He also urges that in no event is he responsible personally for the payments owing to any of the contractors or to the architects.

The lease itself authorized the tenant to make the alterations which were made; a refitting of the space rented was contemplated and nothing more was done than was contemplated. (*Gates & Co.* v. *National Fair & Exposition Assn.*, 225 N. Y. 142; *Jones* v. *Menke,* 168 id. 61.)

The fact that the cost of repairs exceeded the verbal estimates is not sufficient to negative the existence of consent. In *De Klyn v. Gould* (165 N. Y. 282), principally relied upon by the appellant to sustain his contention in this respect, the repairs were definitely specified in the lease, and the excessiveness of the cost resulted from a deviation from the specifications. Nothing of the kind has occurred here. While the nature of the repairs was definite and included what was reasonably necessary to fit the premises for restaurant purposes, latitude was allowed to the tenant to determine the character of the alterations and improvements to be made.

Claim is made by the defendant Tanke that the lien of the plaintiffs was not filed within the statutory period of four months from the date of the completion of the major part of their work which he argues was a separate transaction. We reject this contention. The work of the plaintiffs consisted of installing plumbing, pipes and pipe connections, including hot water heating apparatus. For some of the work a written contract was made. A large part not covered by the written contract proceeded simultaneously with the contract work. On April twenty-fifth all the work seemed to be complete except that upon the test by actual use on the opening of the restaurant on April 17, 1925, the boiler in the heating apparatus was found insufficient and replacement by a larger size was ordered. This was thereafter done. Thus there was a cessation of work from April twenty-fifth to May eighth. The work of replacing the boiler began May eighth and was finished June nineteenth. But during this time plaintiffs' equipment remained on the property. The lien was filed September twenty-ninth. If the work was completed on April twenty-fifth, and the replacing of the boiler is construed as a new and unconnected matter, the filing of the notice of lien was too late. We are of the opinion, however, that the entire service rendered by the plaintiffs was single and continuous and that the filing of the notice was timely.

A somewhat similar situation is disclosed in relation to the lien of Schneider. He was employed by the restaurant company to lay a composition floor; his contract provided that his work was to be completed on or before the 1st day of April, 1925. Schneider's notice of lien was filed on the 9th day of September, 1925. The floor was completely laid before April seventh. The only work that Schneider did within the period of four months before filing his notice of lien was to wash and polish the floor. This was necessary because of the appearance of saltpeter on its surface. We have come to the conclusion that the washing and polishing of the floor were part of the work which the defendant Schneider contracted

to perform and that his notice of lien was filed within the statutory period.

The defendant Tanke's claim that he is not personally liable to the contractors and architects is sound. The record discloses nothing to warrant the conclusion that the tenant in making the repairs was acting as the agent of the owner so as to make the owner personally liable upon the tenant's contracts. The whole purport of the lease is to the contrary. If the matter is to be stated in terms of agency, the lease created merely an agency to bind the defendant Tanke's estate in the real property, not to bind him generally. The lienors have established no liability on the part of Tanke personally for the payment of their demands. (*Brigham* v. *Duany,* 241 N. Y. 435.)

As the notice of lien of the defendant Uschold Electric Shop, Inc., was defective and invalid as the learned official referee has held, the only claim of the Uschold Electric Shop, Inc., is against the tenant with which its contract was made.

The judgment should be modified by striking out the allowance of the Uschold Electric Shop, Inc., claim against the defendant Tanke and the provisions for a deficiency judgment against the defendant Tanke and the items of costs in favor of defendant Uschold Electric Shop, Inc., against defendant Tanke, and by inserting a provision expressly determining the invalidity of the lien of Uschold Electric Shop, Inc., and the judgment as modified should be affirmed, without costs of this appeal to any party, except a bill of costs, exclusive of the cost of printing the record and briefs on appeal in favor of the defendant Tanke against the defendant Uschold Electric Shop, Inc. Certain findings of fact should be reversed and new findings made in accordance with this opinion.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment modified by striking out the allowance of the Uschold Electric Shop, Inc., claim and the provisions for a deficiency judgment as against the defendant Tanke and the items of costs in favor of defendant Uschold Electric Shop, Inc., against defendant Tanke, and by inserting a provision expressly determining the invalidity of the lien of Uschold Electric Shop, Inc., and as so modified the judgment is affirmed, without costs of this appeal to any party, except a bill of costs, exclusive of the cost of printing the record and briefs on appeal, in favor of the defendant Tanke against the defendant Uschold Electric Shop, Inc. Certain findings of fact reversed and new findings made in accordance with the opinion.