GESCHEIDT & Co., INC., Appellant, Respondent, *v.* THE BOWERY SAVINGS BANK, Respondent, Appellant, Impleaded with EDWARD HUTCHISON and Others, Defendants.

First Department, May 28, 1937.

*Albert Foreman* of counsel [*M. Carl Levine*, attorney], for the appellant, respondent.

*Jacquelin A. Swords* of counsel [*R. Keith Kane* with him on the brief; *Cadwalader, Wickersham & Taft*, attorneys], for the respondent, appellant.

PER CURIAM. The lease from defendant bank to defendant Hutchison approved certain specified alterations, but provided that no further structural changes should be made without the bank's consent. Under the circumstances the trial court was justified upon the proof adduced in awarding plaintiff a mechanic's lien for the original work, and in refusing to award a mechanic's

lien for the additional alterations ordered by Hutchison. However, credit should have been given to the bank for the partial payments made by Hutchison. Where neither the debtor nor the creditor elects to apply a payment to one of two debts, the duty devolves on the court to apply same according to equitable principles. The priority of the claim for the original work, and the fact that it was the duty of Hutchison to exonerate the bank from liability therefor, seem to require that the payment be credited against the main work rather than against the extras, or ratably against both debts.

Interest was properly allowed, as the amount the bank was required to pay was readily ascertainable.

The judgment should be modified by reducing the amount of the lien awarded plaintiff to $4,937.95, with interest amounting to $715.86, and, as so modified, affirmed, without costs.

Present — MARTIN, P. J., TOWNLEY, DORE, COHN and CALLAHAN, JJ.

Judgment unanimously modified by reducing the amount of the lien awarded plaintiff to $4,937.95, with interest amounting to $715.86, and, as so modified, affirmed, without costs.

Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.