■ Walter J. Osborne, Appellant, v. George McGowan et al., Respondents. Delbert Hammond, Appellant, v. George McGowan et al., Respondents. — Appeal from an order of the Supreme Court, Warren County. Defendant Lake George Beach Drive-in Theatre, Inc., was the lessee of real property owned by defendants McGowan and Lyons. The corporation had assumed the

lease by assignment from individual lessees. The lease gave the lessee "the right to erect such temporary or permanent structures" on the land as it might deem proper for the operation of a drive-in theatre business; and at the termination of the lease permanent structures thus erected should become the property of the lessors. The lessee was given an option to purchase under certain stated conditions. Plaintiff Hammond performed work and furnished materials in the construction of improvements and it has been found that he is entitled to recover $1,736.70 from the lessee in this action to foreclose a mechanic's lien. The judgment on this decision has not been appealed by the corporate defendant; but it has been found that Hammond has no lien against the lessors and his complaint for the foreclosure of his lien as against them has been dismissed and he appeals. We think there has been a sufficient showing of consent by the lessors to the making of the improvements for which Hammond has not been paid to require this his lien attach to the interest of the lessors under section 3 of the Lien Law. A lien attaches when the improvement is made "with the consent" of the owner. The unconditional authorization contained in the words of the lease giving the lessee the right to erect improvements for the purposes contemplated by the lease and the beneficial interest accruing to the lessors on termination of the lease seem to us to require that it be found that the lessors had "consented" to the improvement. In *Gescheidt & Co.* v. *Bowery Sav. Bank* (251 App. Div. 266, affd. 278 N. Y. 472) the lease gave approval to certain specified alterations; but required that no further alterations should be made without the owner's consent. It was held a lien existed against the lessor for the work authorized by the lease, but not for the additional work not authorized in writing. Even without a formal consent in a lease, a landlord who gets the benefit of improvements by reversion at the end of the term may, by a course of conduct implying knowledge and detailed approval of the work, subject the land to the lien. (*National Wall Paper Co.* v. *Sire,* 163 N. Y. 122.) It is true that mere acquiescence and benefit are not enough alone to spell out a "consent" to the improvement. (*Delaney & Co.* v. *Duvoli,* 278 N. Y. 328.) But in the case before us consent seems rather clearly spelled out from the written words of the lease itself; and the lessors have been content to rest their case on those words. The judgment in the action brought by Osborne has gone in favor of all defendants. Whether Osborne performed his contract for the installation of improvements or whether he breached it by failure to do properly the work he did and abandoned other portions of it, are peculiarly questions of weight and credibility. Many of the detailed facts of nonperformance and of misperformance offered by the defendants on this issue are left unanswered and uncontradicted by Osborne at the end of the case. It is clear that he failed to give credit to the lessee for some payments made to him; and the Official Referee would be justified in finding that he was paid at least as much as he had earned on a *quantum meruit.* The dismissal of the counterclaim of the defendants against Osborne has not been appealed. Since the lien claimed by Osborne is not established against the corporate assignee of the lessees, it would not be good against the lessors. In the action by Walter J. Osborne, judgment affirmed, with costs to respondents; in the action brought by Delbert Hammond, judgment modified on the law and facts, to direct that the lien attach to the interest in the land of the individual defendants and as modified affirmed, with costs against those defendants. Settle order. Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ., concur.