■ PETER SCRUFARI, Doing Business as PETER SCRUFARI Co., Plaintiff, v

CHARLES I. COWDRICK et al., Appellants, et al., Defendant, and GERALD J. SENF, Respondent.—Judgment unanimously modified and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Niagara County for further proceedings in accordance with the following memorandum: In a mechanic's lien foreclosure action, defendants-appellants Charles I. Cowdrick and Cynthia Cowdrick contend that Special Term erred in granting summary judgment against them in favor of defendant-respondent Senf and declaring his mechanic's lien for architectural services in the amount of $2,305.50 to be a valid and subsisting lien. The services were performed pursuant to an agreement between defendant-respondent and Tor Young, Inc., a corporation of which the defendant-appellant Charles Cowdrick was an officer and which occupied the premises in question under a written lease from defendants-appellants. Tor Young, Inc., it appears, is insolvent. The amount of the lien was based on the statement in defendant-respondent's sworn affidavit that he had an oral agreement with Tor Young, Inc., that he would be paid at the rate of $30 per hour. There is no evidence that defendants-appellants were parties to this agreement or had consented to its terms. The record contains uncontradicted evidence that architectural services which were of benefit to the property were performed with the knowledge and consent of defendants-appellants. It is well established that the owner of premises is liable for improvements made by a lessee on the premises where the owner consents to said improvements (Lien Law, § 3; *Osborne v McGowan,* 1 AD2d 924; *Kiell v AAC Employment Corp.,* 61 Misc 2d 104; *G & H Plumbing & Heating Co. v Kew Mgt. Corp.,* 39 Misc 2d 483). Defendants-appellants have submitted no answering affidavit denying defendant-respondent's allegation of consent and have adduced no other evidentiary proof on the question. Their attorney's affidavit containing conclusory assertions that an issue of fact exists is not enough to defeat summary judgment *(Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 342; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290; *Ehrlich v American Moniger Greenhouse Mfg. Corp.,* 26 NY2d 255, 259). Defendants-appellants' consent to the improvements, however, does not bind them to the terms of the contract between defendant-respondent and the lessee of the property *(Brigham v Duany,* 241 NY 435). Defendant-respondent makes no showing that defendants-appellants agreed to the terms of the contract; thus defendants-appellants are liable only for the reasonable value of the services rendered *(Umbaugh Bldrs. v Parr Co. of Suffolk,* 86 Misc 2d 1036). Defendant-respondent has neither alleged nor proven that the amount claimed under his contract with Tor Young, Inc., represents the reasonable value of the services and there is no other proof on this issue. The judgment appealed from is modified so as to grant summary judgment to defendant-respondent on the question of defendants-appellants' responsibility for the services performed and the matter is remitted to Special Term for immediate trial pursuant to CPLR 3212 (subd [c]) on the issue of the reasonable value of such services. (Appeal from judgment of Niagara Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Dillon, Hancock, Jr., and Witmer, JJ.