■ PALLETTE STONE CORPORATION, Respondent, v WILLIAM

J. Bokus et al., Appellants, et al., Defendants. [617 NYS2d 945] — Peters, J. Appeal from an order of the Supreme Court (Dier, J.), entered July 26, 1993 in Warren County, which denied a motion by defendants William J. Bokus, W. J. Bokus Industries, Inc. and High Peaks Asphalt, Inc. to dismiss the complaint against them for failure to state a cause of action.

Defendant William J. Bokus is the sole director of defendant W. J. Bokus Industries, Inc. (hereinafter Bokus Industries) and defendant High Peaks Asphalt, Inc. (hereinafter High Peaks) (hereinafter also collectively referred to as defendants). By letter agreement initiated by plaintiff dated March 8, 1990, plaintiff agreed to lease the asphalt plant owned by High Peaks, located on the lands owned by Bokus Industries, for a period of three years. Such agreement contained various terms and conditions which included a condition that "Bokus will maintain the property, including the gateways, roadways, and buildings". The letter further included a provision indicating that plaintiff's attorney would "prepare a contract" reflecting the terms contained therein.

Plaintiff took possession of the asphalt plant and began operations shortly after Bokus accepted the proposal by signing the letter agreement. As the parties were unable to agree on the terms of the lease, plaintiff continued its tenancy pursuant to the terms of the letter agreement. In March 1992, plaintiff terminated its tenancy. Plaintiff claims to have made $62,371.77 worth of improvements and repairs to the asphalt plant from May 1990 through March 1992. In May 1992, plaintiff filed a mechanics' lien against the property for such amount. In April 1993, plaintiff commenced this action to foreclose the mechanics' lien. Defendants moved to dismiss the complaint for failure to state a cause of action and Supreme Court denied the motion.

Plaintiff's principal argument on appeal is that pursuant to Lien Law § 3, it should be deemed to be a contractor entitled to file a mechanics' lien against defendants' properties for improvements made during the tenancy. We disagree. A contractor is defined as "a person who enters into a contract with the owner of real property for the improvement thereof" (Lien Law § 2 [9]). An owner is defined as including "a lessee for a term of years" (Lien Law § 2 [3]). We find that plaintiff, as a tenant or lessee, may not be deemed a contractor within the purview of these provisions. As noted by the Court of Appeals: "The contractor whom the Lien Law has in view is one who would be so characterized in the common speech of men. He is

one who, in the usual course of trade, has undertaken to improve the property of another. If he happens to have some interest in the land himself, his interest is an accident, and not the source and origin and occasion of his action. That is not the position of a tenant who as an incident to his tenancy, either at his own expense or with contributions from the landlord, has covenanted for betterments. * * * The statute, when it speaks of contractors, intends to reach another class" *(McNulty Bros. v Offerman,* 221 NY 98, 105). Hence, plaintiff, as a lessee or a tenant, was not entitled to file a mechanics' lien against defendants' property for improvements made during the term of its tenancy *(see also, Landes v Landes,* 243 App Div 464).* The cases cited by plaintiff do not mandate a contrary result. Such cases simply stand for the proposition that if the requisite consent is present, an owner's property may be subject to the mechanics' liens of contractors hired by a tenant or lessee *(see, e.g., National Wall Paper Co. v Sire,* 163 NY 122; *Gescheidt & Co. v Bowery Sav. Bank,* 251 App Div 266, *affd* 278 NY 472; *Boyle v Paolini Cafeteria & Rest.,* 220 App Div 482).*

We have reviewed all other issues raised by the parties and find them to be without merit.

Mikoll, J. P., Mercue and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and complaint dismissed against defendants William J. Bokus, W. J. Bokus Industries, Inc. and High Peaks Asphalt, Inc.