*257 OPINION OF THE COURT
Memorandum.
In this action to establish a mechanic’s lien, defendant Star Industries, Inc. (Star) moved for summary judgment dismissing the complaint against it on the ground that it never consented to the improvements as required by section 3 of the Lien Law. It is the opinion herein that the confluence of a number of independent factors, when taken together, may establish the consent required under said section. Specifically, the lease between Star and its tenant provided for the alterations/improvements which were to be used to convert warehouse space to office space. This lease had attached to it a copy of the blueprints which plaintiff was to use when performing the work for tenant. The lease also called for Star to contribute up to $50,000 for these improvements and provided that the permanent improvements became the property of Star at the end of the lease. Moreover, during the course of the improvements, plaintiff went to Star’s managing agent and obtained her assistance in turning off the sprinkler system so that plaintiff could continue with the work being done in the building. When taken together, all of these factors may establish Star’s ongoing knowledge of, and consent to, the work to be done by plaintiff, from the inception of the lease to the conclusion of the work (see, Harner v Schecter, 105 AD2d 932; Osborne v McGowan, 1 AD2d 924; Hickey Co. v Imperial Realty Co., 73 Misc 2d 498, 499; see also, Gescheidt & Co. v Bowery Sav. Bank, 251 App Div 266, affd 278 NY 472; 76 NY Jur 2d, Mechanics’ Liens §§ 45, 46; Bowmar, Mechanics’ Liens in New York § 2.14, at 76-77).
Floyd, P. J., Doyle and Winick, JJ., concur.