VASILIKI DRAPANIOTIS, Appellant, v 36-08 33RD STREET CORP. et al., Respondents. (Action No. 1.) VALID ENTERTAINMENT, INC., Appellant, v KATSE KE BRESTA, INC., Respondent, et al., Defendants. (Action No. 2.) [853 NYS2d 356]—

In a shareholder derivative action, inter alia, to recover damages for wrongful eviction and conversion (action No. 1), the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Rosen, R.), entered September 9, 2005, upon a decision of the same court dated January 13, 2005, made after a nonjury trial, as is in favor of the defendants and against him, dismissing the complaint, and in an action, inter alia, to foreclose a mechanic's lien (action No. 2), the plaintiff appeals, as limited by its brief, from so much of a judgment of the same court (Kitzes, J,), entered January 10, 2006, upon a decision of the same court (Rosen, R.), dated January 13, 2005, made after a nonjury trial, as is in favor of the defendant Katse Ke Bresta, Inc., and against it, dismissing the complaint and vacating the mechanic's lien.

Ordered that the judgments are affirmed insofar as appealed from, with one bill of costs.

At the trial of action No. 1, evidence was introduced showing that in December 1997, the defendant 36-08 33rd Street Corp. (hereinafter the corporation) entered into a lease with the defendant Katse Ke Bresta, Inc. (hereinafter Katse) for the

purpose of opening a nightclub on commercial property owned by Katse. The corporation did not make any rent payments. In June 1998 a demand was made for back rent. The corporation did not comply with the demand and soon thereafter the electric box to the property was locked.

Under the circumstances of this case, the locking of the electric box by Katse constituted a constructive eviction, since it substantially and materially deprived the corporation of the beneficial use and enjoyment of the premises (*see generally Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 82-83 [1970]; *City of New York v Pike Realty Corp.*, 247 NY 245 [1928]). However, pursuant to a right reserved in the lease, Katse had a right to peaceably re-enter the commercial premises and regain possession once the corporation breached its lease obligation to pay rent (*see North Main St. Bagel Corp. v Duncan*, 6 AD3d 590 [2004]; *Bozewicz v Nash Metalware Co.*, 284 AD2d 288 [2001]). A contractor who performs work for, or provides equipment to, a tenant may impose a mechanic's lien against the premises where the owner of the premises affirmatively gave consent for the work or equipment directly to the contractor, but not where the owner has merely approved or acquiesced in the undertaking of such work or the provision of such equipment (*see* Lien Law § 3; *Elliott-Williams Co., Inc. v Impromptu Gourmet, Inc.*, 28 AD3d 706, 707 [2006]; *GCDM Ironworks v GJF Constr. Corp.*, 292 AD2d 495, 496 [2002]; *Paul Mock, Inc. v 118 E. 25th St. Realty Co.*, 87 AD2d 756 [1982]). To sustain the lien, "the owner must either be an affirmative factor in procuring the improvement to be made, or having possession and control of the premises assent to the improvement in the expectation that he [or she] will reap the benefit of it" (*Elliott-Williams Co., Inc. v Impromptu Gourmet, Inc.*, 28 AD3d 706, 707 [2006], quoting *Rice v Culver*, 172 NY 60, 65-66 [1902]).

Here, there was no evidence presented at the trial in action No. 2 showing that Katse, the owner of the premises, gave consent for the work to be performed by the plaintiff Valid Entertainment, Inc. (hereinafter Valid). Katse was not an affirmative factor in procuring the improvements, nor did it assent to the improvements while in possession or control of the premises. Therefore, the trial court correctly found that Valid failed to sustain its burden in seeking to foreclose the mechanic's lien and properly dismissed the complaint and vacated the mechanic's lien.

The remaining contentions of the plaintiff in action No. 1 are without merit. Rivera, J.P., Lifson, Angiolillo and Balkin, JJ., concur.