■ J.K. Tobin Construction Co., Inc., Respondent, v David J. Hardy Construction Co., Inc., Defendant and Third-Party Plaintiff, and Pat J. Bombard, Appellant. Bombard Car Co., Inc., Third-Party Defendant-Appellant. (Appeal No. 2.) [883 NYS2d 681]—

Appeal from a judgment of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered February 15, 2008 in an action to foreclose on a mechanic's lien. The judgment, upon plaintiff's motion for partial summary judgment on the first cause of action to enforce the mechanic's lien and the cross motion of defendant Pat J. Bombard and third-party defendant to discharge that lien, granted judgment in favor of plaintiff against certain real property owned by defendant Pat J. Bombard.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, to foreclose on a mechanic's lien arising out of a construction project on property owned by defendant Pat J. Bombard (Bombard). Plaintiff had entered into a subcontract with defendant-third-party plaintiff, David J. Hardy Construction Co., Inc. (Hardy), the general contractor on the construction project, to perform "earthwork" that included the installation of a storm drainage system. Third-party defendant, Bombard Car Co., Inc. (Bombard Car), leases the property from Bombard and operates a retail automobile business there. In its first cause of action, plaintiff sought to enforce the mechanic's lien against Bombard and Hardy and, in its remaining two causes of action, plaintiff alleged breach of contract and an account stated against Hardy, on the ground that plaintiff allegedly was not paid in full pursuant to the terms of the subcontract. Plaintiff thereafter made a motion (first motion) for partial summary judgment on the second and third causes of action, against Hardy. Plaintiff also made a separate motion (second motion) for partial summary judgment seeking to enforce the mechanic's lien against Hardy and Bombard, and Bombard and Bombard Car cross-moved to discharge the mechanic's lien. In addition, Hardy cross-moved for leave to amend its answer to assert counterclaims for breach of contract and negligence against plaintiff. By the order in appeal No. 1, Supreme Court denied plaintiff's first motion, granted plaintiff's second motion, denied the cross motion of Bombard and Bombard Car, and granted that part of Hardy's cross motion only with respect to the counterclaim for breach of the subcontract. By the judgment in appeal No. 2, the court granted plaintiff judgment on the mechanic's lien. We note at the outset that those parts of the order in appeal No. 1 granting plaintiff's second motion and denying the cross motion of Bombard and Bombard Car are subsumed in the judgment of foreclosure on the mechanic's lien in appeal No. 2. Thus, the appeal by Bombard and Bombard Car in appeal No. 1 is dismissed (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988 [1988]; *see also* CPLR 5501 [a] [1]).

Addressing first plaintiff's second motion, we conclude that the court properly granted that motion inasmuch as plaintiff established its entitlement to judgment as a matter of law, and Bombard and Hardy failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Bombard's contention that plaintiff was negligent in its performance is supported only by an unsworn item of correspondence sent to Bombard by an engineer, which is insufficient to raise a triable issue of fact (*see Lehigh Constr. Group v Almquist*, 262 AD2d 943, 944 [1999], *lv dismissed* 94 NY2d 838, 99 NY2d 501 [1999]).

Bombard also contends that the mechanic's lien cannot be foreclosed against him because he entered into the construction contract with Hardy in his capacity as president of Bombard Car, not in his individual capacity. We reject that contention. "An owner of real property may be subjected to a mechanic's lien for improvements when the work is done 'with the consent' of the owner . . . The consent required by [Lien Law § 3] is not mere acquiescence and benefit, but some affirmative act or course of conduct establishing confirmation . . . Such consent may be inferred from the terms of the lease and the conduct of the owner" (*Harner v Schecter*, 105 AD2d 932, 932 [1984]).

Here, Bombard is the property owner as well as the president of the company leasing the subject property. Indeed, it is undisputed that Bombard, without distinguishing between his individual and corporate capacities, negotiated the terms of the contract with Hardy, had frequent conversations and interactions at the work site with Hardy's director of construction during the course of the project, and was directly involved in the field meetings at the work site. Thus, we conclude that Bombard consented to the improvements (*see* Lien Law § 3; *Harner*, 105 AD2d 932 [1984]).

We further conclude that the court erred in denying plaintiff's first motion, for partial summary judgment on the second and third causes of action in the amended complaint. Plaintiff established its entitlement to judgment as a matter of law on the second cause of action, for breach of contract against Hardy, by establishing that it had a subcontract with Hardy and that Hardy owed plaintiff money on that subcontract (*see e.g. Colucci v AFC Constr.*, 54 AD3d 798 [2008]; *Castle Oil Corp. v Bokhari*, 52 AD3d 762 [2008]). Plaintiff also established its entitlement to judgment as a matter of law on the third cause of action, for an account stated against Hardy, by submitting the purchase orders that were submitted to and received by Hardy without objection (*see Castle Oil Corp.*, 52 AD3d 762 [2008]). The conclusory statement of Hardy in opposition to the first motion, i.e., that summary judgment would be premature because it was not known whether plaintiff had breached the subcontract and, if it did, the extent of the damage caused, is insufficient to raise an issue of fact to defeat the motion. Hardy failed to establish that facts essential to oppose the motion were in plaintiff's possession, and a "mere hope" that discovery will disclose evidence to establish that plaintiff, rather than Hardy, breached the subcontract is insufficient to defeat plaintiff's first motion (*Ramesar v State of New York*, 224 AD2d 757, 759 [1996], *lv denied* 88 NY2d 811 [1996]; *see Wright v Shapiro*, 16 AD3d

1042, 1043 [2005]). We therefore modify the order in appeal No. 1 accordingly, and we direct that judgment be entered in favor of plaintiff and against Hardy in the amount of $121,918.21, together with interest at the rate of 9% per annum commencing September 30, 2006, and costs and disbursements.

Finally, we note that plaintiff contends that the court erred in granting that part of the cross motion of Hardy for leave to amend its answer to assert a counterclaim against plaintiff for breach of contract. It is of course well settled that leave to amend a pleading should be freely granted and is properly denied only where the proposed amendment plainly lacks merit (*see* CPLR 3025 [b]; *Manufacturers & Traders Trust Co. v Reliance Ins. Co.*, 8 AD3d 1000 [2004]; *A.R. Mack Constr. Co. v Patricia Elec.*, 5 AD3d 1025, 1026 [2004]). Here, the counterclaim in question does not plainly lack merit on its face, but the court had before it a motion by plaintiff for partial summary judgment on its cause of action for breach of contract against Hardy. Our conclusion that Hardy was entitled to leave to amend its answer, which requires a standard of review different from that applicable to a motion for partial summary judgment, thus is of no moment. In determining that plaintiff is entitled to partial summary judgment on its cause of action for breach of contract against Hardy, we have concomitantly determined that the counterclaim in question is without merit as a matter of law. We therefore further modify the order in appeal No. 1 accordingly. Present—Smith, J.P., Fahey, Peradotto, Carni and Gorski, JJ.