# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**190**

**CA 15-01346**

PRESENT: LINDLEY, J.P., DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

ANGELO A. FERRARA, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

PEACHES CAFÉ LLC, ET AL., DEFENDANTS,
AND COR RIDGE ROAD COMPANY, LLC, ALSO KNOWN
AS COR HOLT ROAD COMPANY, LLC,
DEFENDANT-RESPONDENT.

---

DAVIDSON FINK LLP, ROCHESTER (THOMAS A. FINK OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

MANNION & COPANI, SYRACUSE (GABRIELLE MARDANY HOPE OF COUNSEL), FOR
DEFENDANT-RESPONDENT AND DEFENDANT NEW YORK LIFE INSURANCE COMPANY.

---

Appeal from an order of the Supreme Court, Monroe County (Matthew
A. Rosenbaum, J.), entered January 23, 2015.  The order, insofar as
appealed from, denied plaintiff's motion for partial summary judgment
on its first cause of action and granted that part of the motion of
defendant COR Ridge Road Company, LLC, also known as COR Holt Road
Company, LLC seeking summary judgment dismissing the first cause of
action against it.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the motion of defendant
COR Ridge Road Company, LLC, also known as COR Holt Road Company, LLC,
is denied in part, the first cause of action is reinstated,
plaintiff's motion is granted, and the matter is remitted to Supreme
Court, Monroe County, for further proceedings in accordance with the
following memorandum:  Plaintiff appeals from an order insofar as it
denied its motion for partial summary judgment on its first cause of
action, for foreclosure on a mechanic's lien under Lien Law § 3, and
granted that part of the motion of COR Ridge Road Company, LLC, also
known as COR Holt Road Company, LLC (defendant) for summary judgment
dismissing the first cause of action against it.  According to
plaintiff, Supreme Court erred in determining that defendant did not
consent to the work its assignor performed on the subject property
within the meaning of Lien Law § 3.  We agree.

The relevant facts are not in dispute.  Defendant owns commercial
property in the Town of Webster that it leased to defendant Peaches
Café LLC (Peaches), which intended to operate a restaurant on the
premises.  Pursuant to the written lease, Peaches was obligated to
supply "[a]ll electrical work other than items furnished by

[defendant]."  The lease further provided that Peaches could not commence construction work on the property without defendant's consent, and that Peaches could use contractors approved only by defendant.  Finally, the lease stated that any alterations, additions, or improvements to the premises "shall at once become a part of the realty and belong to [defendant] and shall be surrendered with the Premises."

Peaches hired nonparty Quinlan Ferrara Electric, Inc. (Quinlan) to perform the electrical work contemplated by the lease.  Although Quinlan performed the work in a satisfactory manner, Peaches was unable to pay for it.  Defendant eventually evicted Peaches for nonpayment of rent, and Quinlan filed a mechanic's lien against the property pursuant to Lien Law § 3.  Quinlan thereafter assigned the lien to plaintiff, who commenced this action to foreclose on the lien.

Defendant subsequently moved for summary judgment dismissing, inter alia, the first cause of action, which seeks to enforce the lien under Lien Law § 3.  According to defendant, because it did not have any direct dealings with Quinlan and did not explicitly consent to the specific electrical work performed by Quinlan, the lien cannot be enforced against it.  Plaintiff, on the other hand, moved for partial summary judgment on the issue of liability on the first cause of action.  The court agreed with defendant and, insofar as relevant to this appeal, dismissed the first cause of action.

Lien Law § 3 provides in relevant part that a "contractor . . . who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof . . . shall have a lien . . . upon the real property improved."  For purposes of this provision, a "requirement in a contract between . . . landlord and tenant, that the . . . tenant shall make certain improvements on the premises is a sufficient consent of the owner to charge his property with claims which accrue in making those improvements" (*Jones v Menke*, 168 NY 61, 64; *see De Klyn v Gould*, 165 NY 282, 287).  The Court of Appeals subsequently reaffirmed *Jones*'s broad interpretation of section 3 in *McNulty Bros. v Offerman* (221 NY 98), holding that, as long as "the liens have been confined to work called for by the lease[,] . . . the landlords' estate may be charged to the same extent as if the owners of that estate had ordered the work themselves.  In substance, they have made the lessee their agent for that purpose" (*id*. at 106).  *Jones* and *McNulty Bros.* have not been overturned or disavowed.

As plaintiff correctly notes, our decision in *Boyle v Paolini Cafeteria & Rest., Inc.* (220 App Div 482) is consistent with the precedents of the Court of Appeals and is virtually indistinguishable from the case at hand.  We enforced the lien in *Boyle* because, even though "latitude was allowed to the tenant to determine the character of the alterations and improvements to be made" (*id*. at 485), it was undisputed that "[t]he lease itself authorized the tenant to make the alterations which were made" (*id*. at 484).  Consistent with *Boyle*, we more recently observed that "consent [for purposes of Lien Law § 3] may be inferred from the terms of the lease" (*J.K. Tobin Constr. Co.,*

*Inc. v David J. Hardy Constr. Co., Inc.*, 64 AD3d 1206, 1208 [internal quotation marks omitted]).

We acknowledge that our sister Departments have all concluded, at various times, that a lien under Lien Law § 3 is valid only when the property owner directly authorizes the contractor to undertake the relevant improvements (*see Paul Mock, Inc. v 118 E. 25th St. Realty Co.*, 87 AD2d 756, 756, citing *Sager v Renwick Park & Traffic Assn.*, 172 App Div 359, 367, 368; *see also Matell Contr. Co., Inc. v Fleetwood Park Dev., LLC*, 111 AD3d 681, 683; *Interior Bldg. Servs., Inc. v Broadway, 1384 LLC*, 73 AD3d 529, 529; *Drapaniotis v 36-08 33rd St. Corp.*, 48 AD3d 736, 737; *but see Gescheidt & Co., Inc. v Bowery Sav. Bank*, 251 App Div 266, 266-267, *affd* 278 NY 472; *Osborne v McGowan*, 1 AD2d 924, 925). In our view, however, those cases cannot be squared with *McNulty Bros.* and *Jones*, which, of course, we must follow.

Here, it is undisputed that the lease between defendant and Peaches obligated Peaches to install electrical upgrades on the premises in order to effectuate the purpose of the lease, i.e., the creation and operation of a restaurant. It is also undisputed that Peaches hired Quinlan, plaintiff's assignor, to perform the electrical work contemplated by the lease. We therefore conclude that Lien Law § 3 obligates defendant, as the owner of the benefitted property, to pay for the "reasonable value of [Quinlan's] services" (*Scrufari v Cowdrick*, 64 AD2d 1016, 1017; *see McNulty Bros.*, 221 NY at 105-106; *Jones*, 168 NY at 64-65; *Boyle*, 220 App Div at 484-485). In light of our determination, plaintiff is entitled to an inquest on damages with respect to the first cause of action (*see Scrufari*, 64 AD2d at 1017).

Finally, we reject defendant's contention that its responsibility under Lien Law § 3 is extinguished by a provision in the lease that purports to disclaim its liability for any mechanic's lien incurred as a result of work by Peaches. That provision is merely an indemnification clause, and it has no bearing on whether defendant consented to the improvements for purposes of section 3. Indeed, " 'once [the owner and tenant] have given their consent to an improvement, they cannot by any arrangement among themselves cut off the rights of lienors' " (*Grassi & Bro. v Lovisa & Pistoresi, Inc.*, 259 NY 417, 423, quoting *McNulty Bros.*, 221 NY at 105).

We therefore reverse the order insofar as appealed from, deny defendant's motion for summary judgment insofar as it sought dismissal of the first cause of action, reinstate that cause of action, and grant plaintiff's motion. We remit the matter to Supreme Court for an inquest on damages with respect to the first cause of action.

Entered:  April 29, 2016                    Frances E. Cafarell
                                            Clerk of the Court