▬ DANIEL W. DIENST et al., Plaintiffs, v PAIK CONSTRUCTION, INC., Defendant/Third-Party Plaintiff-Respondent. THE PRIVATE BANK AND TRUST COMPANY, Third-Party Defendant-Appellant. [32 NYS3d 155]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered October 20, 2014, which denied the motion of third-party defendant the Private Bank and Trust Company (Private Bank) to dismiss the third-party complaint, unanimously affirmed, without costs.

In this mechanic's lien foreclosure action brought by defendant/third-party plaintiff Paik Construction, Inc. (Paik), for nonpayment of work performed and materials furnished in constructing the condominium apartment owned by the underlying plaintiffs, the documentary evidence fails to conclusively establish that Private Bank's loan is not a building loan agreement (*see Fortis Fin. Servs. v Fimat Futures USA*, 290 AD2d 383 [1st Dept 2002]). "A classic building loan mortgage is characterized, inter alia, by (1) a requirement in the loan agreement that the mortgagor construct a building or improvement with the loan and (2) a disbursement of the loan

in installments—as the construction progresses—rather than in one lump sum" (*Juszak v Lily & Don Holding Corp.*, 224 AD2d 588, 588-589 [2d Dept 1996]), and is subject to the subordination provisions of Lien Law § 22 (*see Altshuler Shaham Provident Funds, Ltd. v GML Tower, LLC*, 21 NY3d 352, 360 [2013]). Here, the documentary evidence warranted the denial of this pre-answer motion to dismiss. Concur—Friedman, J.P., Acosta, Saxe, Gische and Webber, JJ.