Murnane Bldg. Contrs., LLC v Cameron Hill Constr., LLC (2018 NY Slip Op 02107)





Murnane Bldg. Contrs., LLC v Cameron Hill Constr., LLC


2018 NY Slip Op 02107


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


1419 CA 17-00714

[*1]MURNANE BUILDING CONTRACTORS, LLC, PLAINTIFF-APPELLANT,
v
CAMERON HILL CONSTRUCTION, LLC, ET AL., DEFENDANTS, AND SYRACUSE UNIVERSITY, DEFENDANT-RESPONDENT. 






COUCH WHITE, LLP, ALBANY (JEREMY M. SMITH OF COUNSEL), FOR PLAINTIFF-APPELLANT.
HANCOCK ESTABROOK, LLP, SYRACUSE (JOHN G. POWERS OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered June 24, 2016. The order granted the pre-answer motion of defendant Syracuse University to dismiss the complaint against it and to vacate a mechanic's lien. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, the mechanic's lien is reinstated, and the complaint is reinstated against defendant Syracuse University.
Memorandum: This action arises from a construction project in which Syracuse University (defendant) entered into a series of contracts with a number of entities, including defendant Cameron Hill Construction, LLC (Cameron). Plaintiff was a subcontractor of Cameron on the project, which was to culminate in the construction of a building that was located on property owned by defendant. Defendant would lease the land to Cameron via a ground lease, Cameron and other entities would construct a building on that land pursuant to defendant's specifications, and defendant would then lease back certain parts of the building through several intermediate leases. The ground lease between defendant and Cameron provided, inter alia, that "[n]othing in this [l]ease shall be construed as the consent or request of [defendant], express or implied, by inference or otherwise, to any contractor, subcontractor, laborer or materialman for the performance of any labor or the furnishing of any material for any improvement, alteration, or repair of the [p]remises, the [i]mprovements, or any part of either." Construction was delayed, and defendant and Cameron eventually entered into a right of entry agreement and then a modified right of entry agreement (collectively, rights of entry), which permitted certain specified construction work on the property to go forward. The rights of entry included a provision requiring that Cameron obtain a mechanic's lien waiver from plaintiff. To comply with that requirement, plaintiff executed a document indicating that plaintiff "waives and releases all liens or rights of lien now existing for work, labor, or materials furnished to 4/30/2014" (lien waiver). Plaintiff later filed a mechanic's lien on the property based on allegations that plaintiff was not paid for work performed pursuant to the rights of entry, and plaintiff commenced this action seeking, inter alia, to foreclose on the mechanic's lien.
Defendant made a pre-answer motion to vacate the mechanic's lien and dismiss the complaint against it pursuant to CPLR 3211 (a) (1) and (7), on the grounds that, inter alia, documentary evidence established that defendant did not consent to the improvements within the meaning of the Lien Law, and that plaintiff released the lien. We agree with plaintiff that Supreme Court erred in granting the motion, and we therefore reverse the order, deny the motion, reinstate the mechanic's lien, and reinstate the complaint against defendant.
It is well settled that, in the context of a motion to dismiss the complaint, we must "accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). A motion pursuant to CPLR 3211 (a) (7) will be granted if the plaintiff does not have a cause of action (see id. at 88), and a motion pursuant to CPLR 3211 (a) (1) will be granted if "the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the [plaintiff's] claim[s]" (Baumann Realtors, Inc. v First Columbia Century-30, LLC, 113 AD3d 1091, 1092 [4th Dept 2014] [internal quotation marks omitted]). The court may "freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (Leon, 84 NY2d at 88; see Sargiss v Magarelli, 12 NY3d 527, 531 [2009]).
The Lien Law provides in relevant part that a "subcontractor . . . who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof . . . shall have a lien for the principal and interest, of the value, or the agreed price, of such labor . . . or materials upon the real property improved or to be improved and upon such improvement, from the time of filing a notice of such lien as prescribed in this chapter" (§ 3). "The term consent' within the meaning of Lien Law
§ 3 is not mere acquiescence and benefit, but [it is] some affirmative act or course of conduct establishing confirmation . . . Such consent may be inferred from the . . . conduct of the owner[] . . . Therefore, the owner[] must either be an affirmative factor in procuring the improvement to be made, or having possession and control of the premises assent to the improvement in the expectation that [the owner] will reap the benefit of it" (Tomaselli v Oneida County Indus. Dev. Agency, 77 AD3d 1315, 1316-1317 [4th Dept 2010] [internal quotation marks omitted]).
We reject defendant's contention that the documentary evidence that it submitted is sufficient to establish as a matter of law that it did not consent to the improvements that were performed by plaintiff and that gave rise to the mechanic's lien. Defendant relies upon a clause in the ground lease, which provides that defendant did not consent to any work done on the project. We have previously stated that "a requirement in a contract between . . . landlord and tenant[] that the . . . tenant shall make certain improvements on the premises is a sufficient consent of the owner to charge his property with claims which accrue in making those improvements' " (Ferrara v Peaches Café LLC, 138 AD3d 1391, 1393 [4th Dept 2016], lv granted 29 NY3d 917 [2017], quoting Jones v Menke, 168 NY 61, 64 [1901]; cf. e.g. Tri-North Bldrs. v Di Donna, 217 AD2d 886, 887 [3d Dept 1995]). The "consent [for purposes of Lien Law § 3] may be inferred from the terms of the lease and the conduct of the owner" (J.K. Tobin Constr. Co., Inc. v David J. Hardy Constr. Co., Inc., 64 AD3d 1206, 1208 [4th Dept 2009] [internal quotation marks omitted]). In addition, after owners, tenants, lessors and others with an interest in the property "have given their consent to an improvement, they cannot by any arrangement among themselves cut off the rights of lienors" (McNulty Bros. v Offerman, 221 NY 98, 105 [1917]; see Grassi & Bro. v Lovisa & Pistoresi, Inc., 259 NY 417, 423 [1932]; see generally West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co., 87 NY2d 148, 156-159 [1995]).
Here, it is clear from the terms of the ground lease and the rights of entry that the entire purpose of those agreements was to construct a building, of which defendant would obtain the benefit. In addition, the record establishes that defendant was aware that plaintiff would be performing work on the project. Indeed, in the ground lease, defendant specifically "agrees that Murnane Building Contractors Inc. [i.e., plaintiff] is an acceptable contractor," and the original right of entry provides, inter alia, that "Cameron . . . will . . . deliver[ ] . . . a payment and performance bond for the Project Work provided by Murnane Building Contractors, Inc." Thus, based on the inconsistencies in the documents submitted by defendant with respect to whether defendant consented to plaintiff performing work on the project within the meaning of the Lien Law, we cannot conclude that "the allegations in the complaint, taken as true, fail to state any cognizable cause of action against [defendant], . . . or that the documentary evidence submitted by . . . defendant[] conclusively disposes of . . . plaintiff['s] causes of action" (Clement v Delaney Realty Corp., 45 AD3d 519, 521 [2d Dept 2007]; see generally Ferrara, 138 AD3d at 1393-1394).
We also reject defendant's contention that the complaint was properly dismissed based on the lien waiver. Of paramount importance, the lien waiver by its terms applied only to claims accruing prior to April 30, 2014, and the allegations in the complaint include claims accruing [*2]after that date. Thus, the plain language of the lien waiver does not release those later claims. Moreover, "[w]here a waiver form purports to acknowledge that no further payments are owed, but the parties' conduct indicates otherwise, the instrument will not be construed as a release" (Leonard E. Riedl Constr., Inc. v Homeyer, 105 AD3d 1391, 1392 [4th Dept 2013] [internal quotation marks omitted]). Here, plaintiff submitted affidavits indicating that the parties' actions and course of dealing demonstrate that the lien waiver should not be construed as a release (see generally Apollo Steel Corp. v Sicolo & Massaro, 300 AD2d 1021, 1022 [4th Dept 2002]) and, therefore, "the documentary evidence warranted the denial of [the] pre-answer motion to dismiss" (Dienst v Paik Constr., Inc., 139 AD3d 607, 608 [1st Dept 2016]).
Finally, it is well settled that contentions that are raised for the first time in a reply brief are not properly before us (see Becker-Manning, Inc. v Common Council of City of Utica, 114 AD3d 1143, 1144 [4th Dept 2014]; Stubbs v Capellini, 108 AD3d 1057, 1059 [4th Dept 2013]; Turner v Canale, 15 AD3d 960, 961 [4th Dept 2005], lv denied 5 NY3d 702 [2005]). We therefore do not review plaintiff's contentions that the lien waiver is merely a receipt, and that the lien waiver is invalid because plaintiff never received the payment reflected in the lease.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court