Malayan Banking Berhad v Park Place Dev. Primary LLC (2024 NY Slip Op 01873)

Malayan Banking Berhad v Park Place Dev. Primary LLC

2024 NY Slip Op 01873

Decided on April 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2024

Before: Renwick, P.J., Manzanet-Daniels, Kennedy, Mendez, Michael, JJ. 

Index No. 850083/20 Appeal No. 1975 Case No. 2023-00065 

[*1]Malayan Banking Berhad et al., Plaintiffs-Appellants-Respondents,
v
Park Place Development Primary LLC, et al., Defendants-Respondents, Men on Steel Rebar Fabricators, LLC, et al., Defendants, Gilbane Residential Construction LLC, Defendant-Respondent-Appellant.

Fried, Frank, Harris, Shriver & Jacobson LLP, New York (Matthew D. Parrott of counsel), for appellants-respondents.
Ernstrom & Dreste, LLP, Rochester (Brian M. Streicher of counsel), for Gilbane Residential Construction LLC/Transcontinental Steel Corp, respondent-appellant/respondent.
Timothy P. McColgan, New Paltz, for US Crane & Rigging, LLC, respondent.
Venable LLP, New York (Gary L. Rubin of counsel), for Permasteelisa North America Corp., respondent.
Law Office Erin M. McGinnis, PLLC, New York (Adam Eisen of counsel), for Trade Off Plus, LLC and Construction Realty Safety Group Inc., respondents.
Welby, Brady & Greenblatt, LLP, White Plains (Thomas S. Tripodianos of counsel), for S & E Bridge & Scaffold LLC, respondent.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about November 22, 2022, which, insofar as appealed from, denied plaintiff's motion for (a) summary judgment on its claim for foreclosure on the two subject mortgages against defendants Gilbane Residential Construction LLC, Permasteelisa North America Corp., US Crane & Rigging LLC, Transcontinental Steel Corp., S&E Bridge & Scaffold LLC, Ismael Leyva Architect, P.C., Construction Realty Safety Group Inc., Trade Off Plus, LLC, and Men of Steel Rebar Fabricators, LLC; (b) dismissal pursuant to CPLR 3211(a)(7) and summary judgment on the Lien Law-related counterclaims; and (c) dismissal pursuant to CPLR 3211(b) of the Lien Law-related affirmative defenses, and denied Gilbane Residential Construction LLC's cross-motion for summary judgment dismissing the complaint as against it and for leave to amend its answer to add a counterclaim for tortious interference with contract and to supplement its unclean hands and equitable estoppel affirmative defenses, unanimously affirmed, without costs.
The moving affidavit of lender's General Manager failed to lay a proper foundation for the business records attached thereto (see generally CPLR 4518; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 204-206 [2d Dept 2019]). Plaintiff was thus unable to meet its prima facie burden (see generally Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 782 [2d Dept 2019]). While the General Manager's personal knowledge alone may be sufficient evidence of default (see U.S. Bank N.A. v Moulton, 179 AD3d 734, 738 [2d Dept 2020]; North Am. Sav. Bank, FSB v Esposito-Como, 141 AD3d 706, 708 [2d Dept 2016]), it was not until his reply affidavit that he purported to have been personally involved in loan administration such that he might be able to testify to the default, separate and apart from the documents (see generally Gordon, 171 AD3d at 205-206). To the extent plaintiff relies on the verified original or first amended complaints, this reliance is misplaced, as the source of the knowledge used to verify these documents is not clear.
Summary dismissal is not appropriate based on the absence of a breach of an underlying secured obligation. It is not clear that the metals acquisition process employed by the parties meaningfully differed from the process set forth in the operative facility agreements or that, even if it did, this would result in the creation of separate, unsecured repayment obligations.
Issues of fact preclude summary judgment on the question of whether the mortgages are invalid because they were executed before borrower acquired title. A mortgage or other conveyance of an interest in land is not effective until it is delivered (see Real Property Law § 244; ERHAL Holding Corp. v Rusin, 229 AD2d 417, 419 [2d Dept 1996]; 219 Broadway Corp. v Alexander's, Inc., 46 NY2d 506, 511-512 [1979]; Liebowitz v Arrow Roofing Co., 259 NY 391, 395 [1932]). Although there is a presumption that [*2]the mortgages were delivered on their execution date, this presumption is rebuttable (see Saline v Saline, 106 AD3d 1072, 1074 [2d Dept 2013], lv denied 21 NY3d 865 [2013]; Purdy v Coar, 109 NY 448, 450 [1888]). The reply affidavit of lender's General Manager and documents attached thereto were sufficient to create an issue of fact as to whether the mortgages were not in fact delivered until borrower actually possessed valid title. These documents were properly considered although offered on reply because they were responsive to arguments raised for the first time in opposition to plaintiff's motion (see Matapos Tech. Ltd. v Compania Andina de Comercio Ltda, 68 AD3d 672, 672 [1st Dept 2009]), and defendants had an opportunity to respond (see Matter of Kennelly v Mobius Realty Holdings LLC, 33 AD3d 380, 381-382 [1st Dept 2006]).
Issues of fact preclude summary judgment on the question of whether the Lien Law § 22 affidavit contains knowingly and materially false statements (see generally Nanuet Natl. Bank v Eckerson Terrace, 47 NY2d 243, 245, 247 [1979]). Although the 2019 budget is not in admissible form, it may be considered in opposition to plaintiff's motion because it was not the only proof submitted, as defendants also relied on plaintiff's own loan documents (see Sumitomo Mitsui Banking Corp. v Credit Suisse, 89 AD3d 561, 564 [1st Dept 2011]). It cannot, however, support defendant Gilbane Residential Construction LLC's cross-motion for summary judgment (see id.).
Defendants' arguments with respect to the purported modifications to the Building Facility Agreement are not preserved and/or not supported by the record. Moreover, the Project Facility Agreement is not a "building loan contract" required to be filed with and described in the Lien Law § 22 affidavit because it does not contain any "express promise . . . to make an improvement upon real property" (see Lien Law §§ 2[13], 22; Dienst v Paik Constr., Inc., 139 AD3d 607, 607-608 [1st Dept 2016]; see also Natixis, NY Branch v 20 TSQ Lessee LLC, 71 Misc 3d 1201 [A], 2021 NY Slip Op 50249[U], *10 [Sup Ct, NY County 2021]).
Gilbane was properly denied leave to amend its answer to add a counterclaim for tortious interference with contract and to supplement its unclean hands and equitable estoppel affirmative defenses. The tortious interference counterclaim fails to plead lender's intentional procurement of a breach of the construction management agreement (see generally 111 W. 57th Inv. LLC v 111 W57 Mezz Inv. LLC, 220 AD3d 435, 436 [1st Dept 2023]), and Gilbane failed to plead "immoral or unconscionable conduct," as required for the unclean hands defense, or "exceptional circumstances," as required for the equitable estoppel defense (see Citibank, N.A. v American Banana Co., Inc., 50 AD3d 593, 594 [1st Dept 2008]; LoCiciro v Metropolitan Transp. Auth., 288 AD2d 353, 354-355 [2d Dept 2001]).
The trial court's subsequent order on plaintiff's motion to dismiss borrower's counterclaims [*3]does not preclude relief. This order is outside the record, applied a different standard, and is not binding on this Court, where a separate appeal is pending. It is, in any event, irrelevant to many of the issues on this appeal.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2024